## ROGERS v. ROGERS.

[No. 6,396. Filed November 18, 1909. Rehearing denied October 12, 1910. Transfer denied November 23, 1910.]

1. CONSTITUTIONAL LAW.—*Full Faith and Credit.*—*Foreign Judgments.*—*Divorce.*—*Alimony.*—*Instalments.*—A decree, in an Ohio divorce suit, requiring the husband, as alimony, to pay four dollars a week, monthly, until the further order of the court, the Ohio statute (§9233 Laning's R. S. 1905) authorizing judgments for alimony to be made payable "in gross or instalment, as the court deems just and equitable," constitutes a judgment for the payment of money, and is entitled to the "full faith and credit" clause of the federal Constitution (Art. 4, §1). pp. 508, 510, 511, 512, 513.

2. DIVORCE.—*Alimony.*—*Instalments.*—*Judgment.*—A judgment for alimony payable in instalments, is erroneous. p. 509.

3. EXECUTION.—*Judgment.*—*Divorce.*—*Alimony.*—Judgments for alimony are collectible by execution. p. 509.

4. APPEAL.—*Judgment.*—*Final.*—*Divorce.*—An Ohio decree for a divorce and for alimony payable in monthly instalments, is appealable. p. 509.

5. JUDGMENT.—*Action on.*—*Payment.*—*Modification.*—*Collateral Attack.*—In an action on a foreign judgment, payment, or subsequent modification thereof, constitutes a defense, but such judgment is not subject to a collateral attack for mere errors or irregularities. p. 511.

6. DIVORCE.—*Alimony.*—*Basis of Right.*—*Husband and Wife.*—A claim for alimony is based upon the common-law duty of the husband to support his wife during marriage, and he cannot escape such duty by treatment causing her to obtain a divorce. p. 512.

7. BANKRUPTCY.—*Claims.*—*Discharge.*—*Alimony.*—A claim for alimony ordered paid in gross or by instalments, is not provable in bankruptcy; and a discharge therein does not affect such claim. p. 512.

8.  .JUDGMENT.—*Foreign.*—*Action on.*—*Complaint.*—A complaint al-
leging that the plaintiff secured an Ohio decree for alimony, pay-
able monthly, that a certain sum is due thereunder, setting out
an Ohio statute authorizing the entering of such a decree, and
praying· judgment, is sufficient.  p. 513.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Alta Rogers against Carlon Rogers, *alias* Her-
man C. Rogers. From a judgment for defendant, plaintiff
appeals. *Reversed.*

*William Darroch* and *Charles Fillius,* for appellant.

*Merrill Moores, Walter Myers, U. Z. Wiley, E. B. Sellers*
and *H. C. Rogers, in pro. per.,* for appellee.

WATSON, J.—This action was brought by appellant on a
complaint in three paragraphs, in the third of which the
statute of the State of Ohio was pleaded as to granting di-
vorces in said state. Judgment was demanded against ap-
pellee for past-due sums awarded to appellant as alimony
by the judgment of the common pleas court of Trumbull
county, Ohio, which court had jurisdiction of the subject-
matter and the parties to the action therein. Appellant
brought a suit against appellee in said court for divorce,
which was granted, and she was awarded the custody of
their infant child, and, for the support of herself and child,
the court rendered judgment against appellee as follows:

"The sum of $4 a week to be by him paid in monthly in-
stalments, commencing on February 23, 1902, and continu-
ing thereafter to become due and payable in the sum of $4
per week at the end of each month, until ·otherwise ordered
by the court."

Appellant alleged that the sum of $832 was due on said
judgment so rendered, that said judgment was in full force,
unreversed, unmodified, unappealed from and unpaid, and
prayed for a judgment of $1,000 on said past-due instal-
ments. Appellee appeared and filed his motion to dismiss
the action for the following reasons: "(1) The court has
no jurisdiction over the subject-matter; (2) the court has

no jurisdiction, power or authority to render judgment in the cause of action sued on; (3) the court has no jurisdiction to enforce the decree sued on; (5) the court has no jurisdiction, power or authority to render judgment or enforce the order of the court sued on herein."

The court, being sufficiently advised, sustained said motion and dismissed appellant's complaint, to which she excepted, and from the judgment rendered upon said motion she prosecutes her appeal to this court, and assigns as error the sustaining of said motion. Appellee has filed cross-errors, challenging the sufficiency of each paragraph of the complaint.

The statute of Ohio (§9233 Laning's R. S. 1905) provides as follows: "When a divorce is granted by reason of the aggression of the husband, the wife shall, by force 1. of the judgment of divorce, * * * be allowed such alimony out of her husband's real and personal property as the court deems reasonable, having due regard to the property which came to him by marriage, and the value of his real and personal estate at the time of the divorce, which alimony may be allowed to her in real or personal property, or both or by decreeing to her such sum of money, payable either in gross or instalments, as the court deems just and equitable."

The question here involved is whether the judgment rendered by the common pleas court of Ohio is such as requires a sister state to give to it "full faith and credit." By the statutes of Ohio, the alimony awarded to the wife is designated as a judgment (§9231 Laning's R. S. 1905). It is enacted by §9233, supra, that the court shall on petition for alimony give judgment in favor of the wife for such alimony out of her husband's real and personal property as is just and equitable, which may be allowed to her in real or personal property, or both, or in money payable either in gross or in instalments.

The money judgment herein provided for has the same

force and effect as any other judgment for the payment of money. It is said by the Supreme Court of the United States, in the case of *Barber* v. *Barber* (1858), 21 How. 582, 595, 16 L. Ed. 226, that when the court, having jurisdiction of the subject-matter and of the parties, allows the wife from her husband's means, by way of alimony, suitable maintenance and support, it becomes a judicial debt of record against the husband, and "is as much a debt of record, until the decree has been recalled, as any other judgment for money is."

The statutes of Indiana provide that when alimony is allowed it shall be in gross; and if the court allows otherwise the judgment is not enforceable, for the reason that

2. such a judgment is not as authorized by statute. §1088 Burns 1908, §1047 R. S. 1881. See *Marsh* v. *Marsh* (1904), 162 Ind. 210.

But the statutes of Ohio provide that the court shall allow such alimony out of the husband's property, or decree to the wife such sum of money, payable either in gross or in instalments, as the court deems just. §9233, *supra*.

Under our statutes, the judgment for alimony is

3. collectible by execution. *Frakes* v. *Brown* (1830), 2 Blackf. 295; *Becknell* v. *Becknell* (1887), 110 Ind. 42; *Marsh* v. *Marsh, supra*.

In Ohio, also, a judgment for alimony is collectible by execution. *Piatt* v. *Piatt* (1839), 9 Ohio *37; *Conrad* v. *Everich* (1893), 50 Ohio St. 476, 35 N. E. 58, 40 Am. St. 679; *Coffman* v. *Finney* (1901), 65 Ohio St. 61, 61 N. E. 155, 55 L. R. A. 794; *Peeke* v. *Fitzpatrick* (1906), 74 Ohio St. 396, 78 N. E. 519; *Lemert* v. *Lemert* (1905), 72 Ohio St. 364, 74 N. E. 194, 100 Am. St. 621.

The judgment of the common pleas court of Ohio,

4. awarding alimony in gross, in instalments, or otherwise, in any event is appealable (§9240 Laning's R. S. 1905). *Conrad* v. *Everich, supra*.

As a general rule, a judgment is deemed final, for the

purpose of basing an action thereon, when it is "a definite and personal judgment for the payment of money, final in its character and not merely interlocutory, remaining unsatisfied, and capable of immediate enforcement." 23 Cyc. 1503.

The judgment or decree sued on in this case was final, to the extent that either party could have prosecuted an appeal therefrom, and therefore it was not· interlocutory. It was enforceable against the appellee by execution issued by the Ohio court which rendered the decree.

The Constitution of the United States · (article 4, §1) provides that "full faith and credit" shall be given in each state to the judicial proceedings of every other state.

1. A decree for divorce and alimony obtained in one state by a court having jurisdiction of the subject-matter and of the parties is *res judicata* and binding on them in an action on the judgment so rendered in another state, whether upon a gross sum or on instalments past due. *Barber* v. *Barber, supra; Knapp* v. *Knapp* (1893), 59 Fed. 641; *Brisbane* v. *Dobson* (1892), 50 Mo. App. 170; *Harrison* v. *Harrison* (1852), 20 Ala. 629, 56 Am. Dec. 227; *Arrington* v. *Arrington* (1900), 127 N. C. 190, 37 S. E. 212, 52 L. R. A. 201, 80 Am. St. 791; *Wagner* v. *Wagner* (1904), 26 R. I. 27, 57 Atl. 1058, 65 L. R. A. 816; *Trowbridge* v. *Spinning* (1900), 23 Wash. 48, 62 Pac. 125, 54 L. R. A. 204, 83 Am. St. 806.

Judgments, therefore, of courts having jurisdiction of the subject-matter and of the parties are conclusive on the merits in all other states of the Union, so long as they are unreversed, unappealed from or set aside by a court having power so to do. *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15; *Dow* v. *Blake* (1893), 148 Ill. 76, 35 N. E. 761, 39 Am. St. 156.

In 2 Bishop, Mar., Div. and Sep. §847, it is said: "A decree for alimony, there being a competent jurisdiction,

is a record to which, under the Constitution of the United
States, must be given full faith and credit in every other
state.  The courts of the other state, wherein the decree is
relied upon, will accord to it the effect it had under the law
of the state of its rendition, not under that of their own
state.''

In the case of *American Mut. Life Ins. Co.* v. *Mason, su-
pra*, the court said:  ''It is settled that the judgments of
the courts of any state having jurisdiction over the subject-
matter and of the parties are conclusive on the merits in
the other states of the Union until reversed on appeal, or
set aside and vacated in a proper proceeding by the court
which rendered the judgment, and are not, therefore, open
to collateral attack.''

It is averred in the complaint that the judgment is in
full force and effect, and is unpaid.  If the appellee wanted
the judgment modified, he had his remedy, by peti-
tioning the court that rendered it to hear and deter-
mine that matter, and if modified in any manner, or
he had paid the amount, or any part of it, as directed under
the judgment of that court, this he could set up by way of
defense, and he would be entitled to credit for whatever
money he had so paid, or if the judgment had been modified
he would be entitled to show this fact as a defense thereto.

While the authorities are conflicting with reference to
the enforcement of this particular wording of a judgment
payable in instalments, the better reasoning is that
judgments in this form, when the court rendering
them had jurisdiction of the subject-matter and of
the parties, should be given ''full faith and credit'' by
courts of sister states.  It is certainly equitable; and jus-
tice and right demand that judgments of this class should
be enforceable.  A husband, against whom a judgment has
been rendered for the support of his wife and child,
should not be permitted to cross the state line, and thereby

escape the liability of his obligations. For it must be remembered that the claim for alimony rests upon the common-law obligation of the husband to support his wife during the existence of their marriage, and he is not relieved from this obligation after a marital offense which entitled the wife to a divorce and a judgment for alimony. The court in the case of *Arrington* v. *Arrington, supra,* well said: "It would be a reproach upon our system of legal administration if one could escape from the operation of a judicial decree by going into another state."

The cases that conflict with the holding of the authorities cited herein—the leading one of which is *Lynde* v. *Lynde* (1901), 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810, which has been approved and followed by *Page* v. *Page* (1905), 189 Mass. 85, 75 N. E. 92, and other cases—have been appealed to the higher courts on the question involving the bankruptcy act, as to whether a judgment in alimony is such a judgment as may, under the bankruptcy act, be filed as a claim against the bankrupt, and whether a bankrupt, having received a discharge, is discharged from the judgment for alimony. It is universally held that it is not such a claim as may be filed, nor is he discharged from the payment of this judgment by virtue of his discharge in bankruptcy, and this is true regardless of whether the judgment was rendered in gross or in instalments. The reasoning in these cases does not apply to this case with the force it would had this question of enforcing a judgment for alimony for the support of the wife and the child been before the court and passed upon as to the "full faith and credit" clause of the Constitution of the United States. It must also be borne in mind, in analyzing the conflicting cases as to the "full faith and credit" clause, that the judgment which is here challenged was rendered under a statute authorizing the court to render it either in gross or in instalments, as the court deemed just and equitable.

8. The trial court erred in sustaining appellant's motion to dismiss her complaint in this cause. Under the views herein expressed, the third paragraph of plaintiff's complaint stated facts sufficient to constitute a cause of action.

The judgment is therefore reversed, with instructions to the trial court to proceed in this cause in a manner not inconsistent with this opinion.

Judgment reversed.

## ON PETITION FOR REHEARING.

WATSON, P. J.—Appellee has filed his petition for a rehearing in this cause. The case of *Sistare* v. *Sistare* (1910), 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, which was

1. decided after the decision made by this court, involves substantially the same questions as are here involved. In that case the court, in considering the cases of *Lynde* v. *Lynde* (1901), 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810, and *Barber* v. *Barber* (1858), 21 How. 582, 16 L. Ed. 226, said: "When these two cases are considered together, we think there is no inevitable and necessary conflict between them, and, in any event, if there be, that *Lynde* v. *Lynde, supra,* must be restricted or qualified so as to cause it not to overrule the decision in the Barber case [*Barber* v. *Barber* (1858), 21 How. 582, 16 L. Ed. 226]."

Upon the authority of *Sistare* v. *Sistare, supra,* and cases cited in the former opinion, the petition for rehearing is denied.