STATE of Indiana, on Relation of CLAY
COMMUNITY SCHOOLS, Relator,

v.

PARKE CIRCUIT COURT and Earl M.
Dowd, Respondents.

No. 1278S293.

Supreme Court of Indiana.

.July 24, 1979.

William G. Brown, Brazil, B. Michael
McCormick, Terre Haute, for relator.

Eric A. Frey, Terre Haute, for respon-
dents.

HUNTER, Justice.

Relator, Clay Community Schools,
brought this original action seeking to pro-
hibit the Parke Circuit Court and The Hon-
orable Earl M. Dowd from exercising juris-
diction over the cause pending against rela-
tor in said court and any other case involv-
ing implementation of a particular lease
agreement between relator and Clay Com-
munity School Building Corporation. On
December 14, 1978, oral arguments were
heard in this matter and a temporary writ
of prohibition was denied. We now deny

relator's petition for permanent writ of prohibition.

This matter comes to us after a long history of litigation at the trial court level. All litigation in this matter has involved the implementation of a lease agreement entered into between the relator, Clay Community Schools, and Clay Community School Building Corporation on June 3, 1977.

The first lawsuit, *Hood, et al. v. Switzer, et al.*, was filed on April 29, 1976, in the Clay Circuit Court. The suit was voluntarily dismissed when the relator moved for dismissal on the ground that the plaintiffs had not posted bond as required by Ind. Code § 34–4–17–5 (Burns 1973). The second suit, *Arthur, et al. v. Clay Community Schools, et al.*, filed on July 1, 1977, was dismissed by the trial court because the plaintiffs refused to post bond. The Court of Appeals entered an order requiring the plaintiffs to post bond or suffer dismissal of their appeal. Subsequently, this Court denied transfer and the United States Supreme Court denied *certiorari* at 439 U.S. 806, 99 S.Ct. 62, 58 L.Ed.2d 98, on October 2, 1978. In the meantime another lawsuit, *Buell v. Phillippi, et al.*, was filed on September 28, 1977, and dismissed by the trial court. The issues set forth therein were required to be consolidated in the *Arthur* case. While the *Arthur* case was pending, the currently pending lawsuit, *Beasley, et al. v. Llewellyn, et al.*, was filed on July 5, 1978.

Relator points out that two sections of the Indiana Public Lawsuit Act, Ind. Code § 34–4–17–5 (Burns 1973) and Ind. Code § 34–4–17–8 (Burns 1973) limit to one the number of lawsuits which can be filed to attack the building of public improvements by a municipal corporation. Ind. Code § 34–4–17–8 (Burns 1973) provides in relevant part:

"After a public lawsuit is commenced, no other lawsuit relating to the same subject-matter shall be commenced, and no trial court shall have jurisdiction of any such subsequent lawsuit; and no action shall be brought except as provided in this act [34–4–17–1—34–4–17–8] if it could have been the subject of a public lawsuit."

and Ind. Code § 34–4–17–5 (Burns 1973) provides in relevant part:

"In the event no bond is filed as provided in this section, the public lawsuit shall be dismissed and no court shall have further jurisdiction of the public lawsuit or any other public lawsuit involving any issue which was or could have been raised therein."

The record here does not reveal that relator has attacked the want of jurisdiction of the Parke Circuit Court as required by Ind. R. O.A. (B)(1). The rule requires that a written motion for dismissal for want of jurisdiction be brought to the attention of the trial judge and that said motion be denied or not promptly acted upon before a petition for writ of prohibition may be entertained by this Court.

In the case pending before the Parke Circuit Court, it would appear that upon consideration of a motion, dismissal would be required by the language of Ind. Code § 34–4–17–5 (Burns 1973). However, a dismissal is a final judgment, *P–M Gas & Wash Co., Inc. v. Smith*, (1978) Ind., 375 N.E.2d 592, and therefore the remonstrators could appeal the order to the Indiana Court of Appeals, Ind.R.App.P. 4(B). An appeal in this matter would take some time. The *Arthur* case took fifteen months to be appealed through the United States Supreme Court.

Relator argues that an emergency situation exists in this case. The school board's building program will be effectively suspended while any litigation is pending in this matter because Clay Community Schools will not be able to get their bond attorney's unqualified approving opinion. In the meantime, the cost of construction materials and labor continues to reflect the spiraling inflation of our times. Already the building program has been placed in severe jeopardy by the litigation-forced delay. It should be noted, however, that, despite relator's contention that time is of

the essence, relator waited two months after the resolution of *Arthur v. Clay Community Schools, supra*, before filing this action.

■ Relator seeks a writ of prohibition because of the inadequacy of the appellate process and the emergency situation detailed above. Furthermore, relator contends that by denying this writ, this Court would be condoning an abuse of process. We are not convinced that a denial here constitutes a condonation of abuse of process.

From the record before this Court, it does appear that relator has been besieged with litigation regarding the lease with the Clay Community School Building Corporation. Nevertheless, we cannot say with certainty that the suits reflect a conspiracy on the part of one group to disrupt the plans of Clay Community Schools rather than a broad citizen concern over the wisdom of the building plan.

In seeking a writ of prohibition from this Court to cease the alleged abuse of process, relator places particular emphasis on this Court's holding in the case of *State ex rel. Sekerez v. Lake Superior Court, Room 4*, (1975) 263 Ind. 601, 335 N.E.2d 199. In that case, this Court denied a petition for writ of prohibition filed by Zarko Sekerez, who had been enjoined by the Lake Superior Court from appealing his third lawsuit against the Board of Sanitary Commissioners. In denying the writ this Court upheld the trial court injunction noting "the equitable power of the court to enjoin an abuse of process." 263 Ind. at 608, 335 N.E.2d at 203.

■ However, relator is not asking this Court to enjoin an abuse of process by an individual or group of remonstrators. Rather, relator asks that this Court prohibit the Parke Circuit Court from taking any action in cases involving the Clay Community Schools' building program. This writ must be denied under the rules for original actions requiring action by the trial judge on a motion attacking the trial court's want of jurisdiction. Ind. R. O.A. (B)(1). Relator's remedy in the event of continued ac-

tion on the part of remonstrators may lie in the sort of action the Lake County Board of Sanitary Commissioners took against Zarko Sekerez, *State ex rel. Sekerez v. Lake Superior Court, Room 4, supra*. Clearly an injunction against an individual citizen is not available in an original action before this Court. Ind. Code § 34–1–58–1 (Burns 1973).

Relator's petition for permanent writ of prohibition is denied.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.