Yvonne R. SANSON, Appellant-Plaintiff,

v.

Steven G. SANSON, Appellee-Defendant.

No. 2–1083 A 368.

Court of Appeals of Indiana,
Fourth District.

Aug. 8, 1984.

Robert. H. Little, Brookston, for appellant-plaintiff.

John F. Goss, Boomershine & Goss, Monticello, for appellee-defendant.

CONOVER, Judge (Sitting By Designation).

Plaintiff-Appellant Yvonne R. Sanson (Yvonne) appeals the White Circuit Court's order sustaining defendant-appellee's Steven G. Sanson's (Steven) motion to dismiss Yvonne's complaint on foreign judgment.

Reversed.

ISSUES

This appeal presents the following issues:

1. Will Indiana courts of general jurisdiction enforce foreign judgments for installment alimony entered in dissolution of marriage proceedings?

2. Did the trial court have personal and subject matter jurisdiction of the defendant and this cause of action?

3. Was the White Circuit Court the court of proper venue?

FACTS

A decree of the District Court of Wiesbaden, Federal Republic of Germany dissolved the marriage of Yvonne and Steven on January 9, 1980. The parties had entered into a judicial agreement, honored by the court, which provided in part for the payment of $150 per month by Steven to Yvonne for her support and $140 per month as child support.

After their divorce, Steven paid Yvonne's support for a few months then discontinued such payments. However, he has consistently paid child support as provided in the agreement. In the interim, Steven remarried.

On March 31, 1981, Yvonne filed her Complaint on Foreign Judgment in this action with Steven as defendant seeking to recover the installment payments for her support Steven had not paid under the Wiesbaden decree. Steven by counsel appeared and filed an answer denying the complaint's allegations. Over a year later, the White Circuit Court granted Steven's

motion to dismiss and overruled Yvonne's motion for summary judgment.

DISCUSSION AND DECISION [1]

I.

The trial court sustained Steven's motion to dismiss. It alleged:

1. Yvonne's complaint failed to state a cause of action upon which relief could be granted,

2. the court lacked both personal and subject-matter jurisdiction, and

3. the White Circuit Court was accorded improper jurisdiction to hear and decide plaintiff's complaint.

The granting of a motion to dismiss which disposes of all the parties and issues is a final, appealable order. *State ex rel. Clay Community Schools v. Parke Circuit Court*, (1979) 271 Ind. 266, 392 N.E.2d 804; *England v. Dana Corp.*, (1970) 147 Ind.App. 279, 259 N.E.2d 433; *Jose v. Indiana National Bank of Indianapolis*, (1966) 139 Ind.App. 272, 218 N.E.2d 165. On appeal from an order granting a defendant's motion for involuntary dismissal, the reviewing court on appeal must determine whether, considering the evidence most favorable to the plaintiff, there was substantial evidence of probative value which would have sustained the material elements of the plaintiff's complaint. *Stephenson v. Frazier*, (1980) Ind.App., 399 N.E.2d 794, *trans. den'd.* 425 N.E.2d 73; *Stath v. Williams*, (1977) 174 Ind.App. 369, 367 N.E.2d 1120; *Building Systems, Inc. v. Rochester Metal Products, Inc.*, (1976) 168 Ind.App. 12, 340 N.E.2d 791.

When suit is brought upon a foreign money judgment rendered in a competent court which had jurisdiction of the parties and subject matter, the parties having been afforded a reasonable opportunity to be heard and the court's proceedings having been in conformity with a course of civilized jurisprudence, it will be enforced in

---

1. Steven did not file an appellee's brief in this appeal. Thus, if Yvonne's brief shows prima facie reversible error, she will prevail. *Indiana State Board of Health v. Lakeland Disposal Ser-* *vice*, (1984) Ind.App., 461 N.E.2d 1145; *Bedree v. Sandler & Sandler*, (1981) Ind.App., 426 N.E.2d 707; *D.H. v. J.H.*, (1981) Ind.App., 418 N.E.2d 286.

the courts of this country, absent fraud or other special circumstances which impeach the judgment. *Hilton v. Guyot,* (1895) 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95. Such judgments are enforced on the basis of comity, not because of the full faith and credit clause of the United States Constitution. *Scherer v. Scherer,* (1980) Ind.App., 405 N.E.2d 40, 44; Am.Jur.2d *Divorce and Separation* § 964. Also we have held a husband can be estopped to deny the validity of a foreign divorce by his conduct prior to and after entry of the foreign decree. *Scherer,* 405 N.E.2d at 46.

We note in passing the facts here are as strong for estoppel against Steven as they were in *Scherer.* Steven was the petitioner in the Wiesbaden action. After the West German decree was entered, he remarried. Steven is estopped from attacking the validity of the decree. *Scherer,* 405 N.E.2d at 46. However, the thrust of Steven's Motion to Dismiss appears directed at the White Circuit Court's authority to enforce the installment "alimony" provision of the judicial agreement, honored by the Wiesbaden Court, requiring Steven to pay Yvonne $150 per month for her support.

■ Indiana enforces installment alimony judgments of sister states. *McCarthy v. McCarthy,* (1971) 150 Ind.App. 640, 645, 276 N.E.2d 891, 895. We do so for good reason. As Judge Sullivan noted

> Although Indiana law does not provide for installment alimony, it is nevertheless proper under full faith and credit for this court to enforce an installment alimony decree obtained in another state. If such were not the law of this state, Indiana would become a virtual sanctuary for ex-husbands attempting to avoid the effect of a foreign decree's alimony provisions. *Rogers v. Rogers* (1909) 46 Ind. App. 506, 89 N.E. 901. We hold then, in keeping with what we consider to be sound public policy, that appellee is entitled to have the installment alimony provision of the Connecticut decree enforced in Indiana under the "full faith and cred-

it" clause of Article 4, § 1, of the U.S. Constitution.

*McCarthy,* 276 N.E.2d at 895.

■ Further, alimony judgments entered into by agreement are enforceable in this state. AIC § 31–1–11.5–10 (West 1979) provides

> Sec. 10. Agreements. (a) To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties *may agree in writing to provisions for the maintenance of either of them,* the disposition of any property owned by either or both of them and the custody and support of their children.
>
> (b) In an action for dissolution of the marriage the terms of the agreement if approved by the court shall be *incorporated and merged into the decree* and the parties ordered to perform them, or the court may make provisions for disposition of property, child support, maintenance, and custody as provided in this chapter.
>
> (c) The disposition of property settled by such an agreement and incorporated and merged into the decree shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent. (Emphasis supplied.)

As Buchanan, C.J. said

> It is apparent from the statute that parties may, if they wish, make an agreement as the [parties] have done, requiring the payment of "alimony"; and once this agreement is approved by the court, both parties will be bound by their agreement.

*Hicks v. Fielman,* (1981) Ind.App., 421 N.E.2d 716, 720. Thus, the agreement reached as incorporated in the Wiesbaden judgment is entirely consistent with Indiana public policy on this issue.

■ We perceive from the record before us the Wiesbaden Court had jurisdiction of

the parties and the subject matter. Steven was given full opportunity for a hearing and the presentation of evidence. Further, that judgment does not violate Indiana public policy. Under the principles of comity, therefore, the Wiesbaden judgment sued upon in this case should be enforced. Yvonne's complaint states a cause of action, and the White Circuit Court had subject matter jurisdiction of that cause of action.

## II.

Clearly, the Court had personal jurisdiction of Steven. He appeared by counsel in the Court below and moved for an extension of time in which to file a pleading. His answer, filed 29 days later, denied the allegations of Yvonne's complaint. He filed his motion challenging personal jurisdiction 19 months later.

Challenges to jurisdiction of the person must be made by motion "before pleading if a further pleading is permitted[.]" Ind.Rules of Procedure, Trial Rule 12(B)(2) and see T.R. 12(H)(1). By failing to do so, Steven waived that issue.

## III.

The question of improper venue must be raised by motion or by affirmative defense. If made by motion, it must be made prior to the filing of a pleading. If not, it must be raised as an affirmative defense. T.R. 12(B)(3). If not so raised, the issue is waived, T.R. 12(H)(1), cf. T.R. 75(A). Steven filed no motion to dismiss on those grounds prior to filing his answer, and his answer contained no affirmative defense alleging improper venue. The issue was waived.

Reversed and remanded for further proceedings consistent with this opinion.

BUCHANAN, C.J., concurs.

SHIELDS, J., concurs in result.