**Roxanna Wallace SCHMIDT, Plaintiff–Appellant,**

v.

**Misty Lynn COLLINS and Ronald Collins, Defendants–Appellees.**

**No. 11A01–8911–CV–461.**

Court of Appeals of Indiana, First District.

June 18, 1990.

Ordered Published July 16, 1990.

John A. Kesler, II, Terre Haute, for plaintiff-appellant.

Stephen L. Williams, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for defendants-appellees.

BAKER, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Roxanna Wallace Schmidt (Schmidt), appeals the trial court's grant of defendant-appellees', Misty Lynn Collins and Ronald Collins, motion for involuntary dismissal of Schmidt's complaint pursuant to Ind. Trial Rule 41(B).

We affirm.

## STATEMENT OF THE FACTS

The basis of Schmidt's complaint arose from her failure to receive a share of certain corporate stock owned by her father at his death. Schmidt's father died testate with item III of his will providing:

> Subject to the provisions of Item II of this my Last Will and Testament, I give, devise and bequeath my One Hundred (100) shares of common capital stock of Wallace Nursing Center, Inc., as follows:
>
> 33⅓ shares to my son,
> Richard D. Wallace
> 33⅓ shares to my son,
> Henry H. Wallace
> 33⅓ shares to my adopted
> daughter, Roxanna Wallace
>
> if they be living at the time of my death.
>
> In the event that any of the above named children shall be deceased at the time of my death, then, in that event, the bequest herein made to said deceased child shall pass to his or her descendants, if any, per stirpes. In the event that said deceased child shall leave no descendants surviving me, then, in that event, the bequest as to such deceased child shall lapse and those of my children surviving me shall divide between them their deceased brother's or sister's share provided for herein.

Record at 18. Schmidt's father's will was submitted for probate on December 28, 1981.

On March 25, 1982, Schmidt executed a renunciation of her interest in the corporate stock under Item III of her father's will. Schmidt's two brothers also executed renunciations to their respective interests in the stock. On March 18, 1982, Schmidt's mother, as executrix of the estate and as owner of the other half of the corporate stock, entered into a contract to sell the assets of Wallace Nursing Center, Inc. The proceeds from that sale were distributed in part to Schmidt's two descendants,

her minor children, Misty Lynn and Ronald Collins.

Schmidt subsequently filed a complaint alleging, inter alia, fraud and misrepresentation in the procurement of the renunciation of her interest under the will. Schmidt also sought to invalidate the renunciation. A bench trial was held at which Schmidt argued to the trial court that the provisions of IND. CODE 29-1-6-4 invalidated her renunciation. The court granted the Collins children's motion for involuntary dismissal and stated in part that IND. CODE 29-1-6-4 did not apply to Schmidt. Schmidt appeals the trial court's grant of the Collins children's motion claiming that the trial court erroneously interpreted the statute.

■ When reviewing a trial court's order granting a defendant's motion for involuntary dismissal, this court will consider the evidence most favorable to the plaintiff and determine whether there was substantial evidence of probative value to sustain the material elements of the plaintiff's complaint. *Sanson v. Sanson* (1984), Ind.App., 466 N.E.2d 770. We find there is no such evidence in the case before us.

■ Schmidt argues that the provisions of IND. CODE 29-1-6-4 invalidate her renunciation of her interest in the stock.[1] That statute provides:

(a) *A person* (or his personal representative) *who is* an heir, *devisee*, person succeeding to a renounced interest, beneficiary under a testamentary instrument or person designated to take pursuant to a power of appointment exercised by a testamentary instrument *may renounce* in whole or in part the succession to any property or interest therein by filing a written instrument within the time and at the place hereinafter provided....

...

(d) Any (1) assignment, conveyance, encumbrance, pledge or transfer of property therein or any contract therefor, ... made before the expiration of the period in which *he* is permitted to renounce,

bars the right to renounce as to the property.

*Id.* (emphasis added). Schmidt argues that her right to renounce her interest was barred because the stock was sold before she signed the renunciation. The trial court disagreed and explained that the statute provides that if the person who has the right to renounce sells the property prior to the renunciation, then that person's right to renounce is barred. In the present case, the person who sold the property was Schmidt's mother who did not have a right to renounce the property. Schmidt had to be the person who sold the property for this statute to apply. She was not. Thus, the trial court correctly determined that the statute was inapplicable.

Our decision is supported by this court's decision in *Matter of Estate of Newell* (1980), Ind.App., 408 N.E.2d 552, in which we discussed the purposes and coverage of IND. CODE 29-1-6-4. In *Newell*, we stated that the purpose of the probate renunciation statute was to protect creditors and taxing authorities from wrongful renunciations made by devisees. It is illogical to construe the statute to bar renunciations made by devisees when the sale of property was made by a person who is not a party to the devise of the property. We find no evidence to support the material allegations of Schmidt's complaint. Accordingly, we find no error in the trial court's grant of the Collins children's motion for involuntary dismissal.

Judgment affirmed.

RATLIFF, C.J., and ROBERTSON, J., concur.

---

1. IND.CODE 29-1-6-4 was repealed and replaced by IND.CODE 32-3-2-10, effective July 1, 1983. Because Schmidt signed her renun-

ciation in March of 1982, the provisions of the former statute control the disposition of this case.