Melissa M. SHANKLIN,
Appellant–Plaintiff,

v.

Reggie SHIREMAN, in his capacity as Sheriff of White County, Indiana, and in his individual capacity, and the Board of Commissioners of White County, Indiana, Appellees–Defendants.

No. 91A02–9510–CV–603.

Court of Appeals of Indiana.

Dec. 29, 1995.

Lee Griffith, Donald K. Blair, Monticello, for Appellant.

James S. Stephenson, Stephenson Daly Morow & Kurnik, Indianapolis, for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Melissa M. Shanklin brings this interlocutory appeal from the trial court's grant of a Motion to Transfer Venue from Marion County to White County pursuant to Trial Rule 12(B)(3) and Trial Rule 75(B). The trial court granted the motion filed by Reggie Shireman, Sheriff of White County, and the Board of Commissioners of White County ("Sheriff").

We affirm.

### ISSUE

The sole issue presented for review is whether the trial court abused its discretion when it granted the Sheriff's motion and determined that White County has preferred venue.

### FACTS

Melissa Shanklin is from White County, Indiana, and is currently incarcerated in the Indiana Women's Prison in Indianapolis. Shanklin was convicted of arson in 1994 after she set fire to her boyfriend's home. Shanklin filed a complaint in Marion Superior Court on May 31, 1995, and alleged that while incarcerated in the White County jail, awaiting trial on her arson charge, Shanklin was forced to engage in sexual intercourse with a jail officer.

The Sheriff moved for an enlargement of time within which to respond to the complaint and at the same time moved for a change of judge under Trial Rule 76(B). The court granted both motions. The Sheriff then filed a motion to transfer venue from the county. The trial court granted the Sheriff's motion and transferred Shanklin's cause of action from Marion County to White County. This appeal ensued.

### DISCUSSION AND DECISION

Shanklin contends that the trial court erred when it granted the Sheriff's motion to transfer venue because Marion County is a county of preferred venue. Specifically, she asserts both that she resides in Marion County and that her cause of action arises with respect to her incarceration there. In the alternative, Shanklin argues that the Sheriff waived any objection to Marion County as the preferred venue. We cannot agree with any of these contentions.

This court recently determined that on appeal, we review the grant or denial of a Trial Rule 12(B)(3) motion based upon improper venue under Trial Rule 75 for an abuse of discretion. *Hollingsworth v. Key Benefit Admin., Inc.* (1995), Ind.App., 658 N.E.2d 653, 655. An abuse of discretion may occur if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Id. (quoting McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175, 180).

A plaintiff may file an action in any court in any county in Indiana. Ind.Trial Rule 75(A); *Diesel Const. Co., v. Cotten* (1994), Ind.App., 634 N.E.2d 1351, 1353. If the initial court is not a court of preferred venue, the action may be transferred to a court of preferred venue under the criteria listed in Trial Rule 75(A)(1)–(9). *Diesel Const.*, 634 N.E.2d at 1353. However, when a suit is initiated in a county of preferred venue, the defendant may not request a transfer of venue, and the court has no authority to transfer the case to any other county of preferred venue except as provided by some other trial rule or statute. *Conner Ins. Agency, Inc. v. Frericks* (1994), Ind.App., 634 N.E.2d 84, 85 (*citing Sayeed v. Dillon* (1991), Ind.App., 573 N.E.2d 468, 471–72).

Trial Rule 75(A)(5) provides that preferred venue lies, inter alia, in the county where either one or more individual plaintiffs reside. First, Shanklin argues that Marion County is her domicile and, thus, that the trial court erred when it transferred venue from Marion County to White County. Domicile means "the place where a person has his true, fixed, permanent home and principal establishment, and to which place he has, whenever he is absent, the intention of returning." *State Election Bd. v. Bayh* (1988), Ind., 521 N.E.2d 1313, 1317. Domi-

cile can be established in one of three ways: domicile of origin or birth, domicile by choice, and domicile by operation of law. *Id.* Once acquired, domicile is presumed to continue because, "every man has a residence somewhere, and ... he does not lose that one until he has gained one in another place." *Id.* A change of domicile requires an actual moving with an intent to go to a given place and remain there. *Id.* It must be an intention coupled with acts evidencing that intention to make the new domicile a home. *Id.* This change requires the intention to abandon the old domicile; the intention to acquire a new one; and residence in the new place. *Id.*

■ Shanklin's domicile of birth is White County, Indiana, where she was also raised. Shanklin contends that she intends to abandon her domicile in White County and to acquire one in Marion County. In support of her contention, she states that she does not wish to return to White County because she was convicted of arson in White County and, presumably, would have a difficult time establishing herself as a cosmetologist there. Shanklin is unmarried and claims that she has severed all ties with her family in White County because her younger child died mysteriously while in the custody of her mother. Further, Shanklin asserts she has demonstrated that she intends for her domicile to be in Marion County. As evidence of her intention, Shanklin states that she has spoken with a Department of Correction's counselor about residing in a half-way house in Marion County and plans to secure employment in Marion County upon her release.

■ Shanklin, however, fails to satisfy the change of domicile test followed in *Bayh. Id.* Even though Shanklin is incarcerated in Marion County, it was neither her choice nor her free will to be living there. Because domicile is a voluntary status, a forcible change in a person's residence does not alter her domicile. *Sullivan v. Freeman* (7th Cir. 1991), 944 F.2d 334, 337, *cert. denied,* —— U.S. ——, 115 S.Ct. 670, 130 L.Ed.2d 604 (Dec. 12, 1994).

■ Although it is presumed that a prisoner maintains her domicile prior to imprisonment, that presumption is rebuttable. *Id.* In the instant case, Shanklin failed to provide evidence of acts undertaken in furtherance of a definite intent to change her domicile which would make the intent manifest and believable. *See Bayh,* 521 N.E.2d at 1318. Although Shanklin has taken courses in cosmetology, this training can be used in any county and is not evidence of a specific intent to live in Marion County. To establish a change of domicile, Shanklin relies exclusively upon her conversations with a counselor about her plans to live and seek employment in Marion County. This prospect alone does not make her intent manifest and believable. A self-serving statement of intent is not sufficient to find that a new residence has been established. *Id.* Shanklin has failed to rebut the presumption that White County continues as her domicile. Thus, Shanklin has not shown that Marion County is a county of preferred venue under Indiana Trial Rule 75(A)(5).

■ Shanklin next argues that Marion County is a preferred venue under Indiana Trial Rule 75(A)(7) which states that preferred venue lies in "the county where the individual is held in custody or is restrained, if the complaint seeks relief with respect to such individual's custody or restraint upon his freedom." Ind.Trial Rule 75(A)(7). However, here, Shanklin seeks damages for incidents which allegedly occurred while she was imprisoned in the White County jail awaiting trial. Shanklin's complaint alleges that, "[d]uring her confinement and incarceration in the White County Jail, the Plaintiff was forced to engage in sexual intercourse on several occasions with the Defendant's jail officer, Roger Stevens." Record at 7. Shanklin does not seek relief from her custody or the restraint upon her freedom while in Marion County. Because her cause of action does not result from her incarceration at the Indiana Women's Prison, preferred venue does not lie in Marion County under Indiana Trial Rule 75(A)(7).

■ Finally, Shanklin asserts that even if preferred venue does not lie in Marion County, the Sheriff waived his right to transfer venue from Marion to White County. Specifically, she argues that waiver occurred when

the Sheriff failed to file his motion to transfer venue from the county either prior to or at the same time he filed his motion for a change of judge. Again, we disagree.

The issue of improper venue must be raised in a responsive pleading as an affirmative defense or must be raised by motion filed prior to the filing of a pleading. Ind.Trial Rule 12(B)(3); *Sanson v. Sanson* (1984), Ind.App., 466 N.E.2d 770, 772. If not so raised, the issue is waived. *Sanson*, 466 N.E.2d at 772. Indiana Trial Rule 12(H)(1) describes the circumstances under which the waiver of improper venue will occur. This rule provides in pertinent part: "A defense of ... improper venue ... is waived to the extent constitutionally permissible: (a) if omitted from a motion in the circumstances described in subdivision (G), (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof...." Subdivision (G) provides that:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted....

Ind.Trial Rule 12(G). Thus, if prior to filing a responsive pleading, a party makes any 12(B) motion, that party may join with it any other defenses or objections then available to him. Ind.Trial Rule 12(G). If the defense of improper venue is omitted from such a motion for affirmative relief, the defense is waived pursuant to Trial 12(H)(1)(a).

Here, prior to filing an answer, the Sheriff filed a motion for a change of judge pursuant to Indiana Trial Rule 76. Contrary to Shanklin's contention, the filing of this motion did not constitute a waiver. A motion

for change of judge is neither a Rule 12(B) motion[1] requiring consolidation of defenses under Rule 12(G) nor a responsive pleading. *See* Ind. Trial Rule 7. Therefore, the Sheriff did not waive his right to a transfer of venue from the county.

Affirmed.

BAKER, J., and SHARPNACK, C.J., concur.

---

1. Indiana Trial Rule 12(B) permits a party to assert in a responsive pleading or in a separate motion the following defenses:

    (1) Lack of jurisdiction over the subject-matter,

    (2) Lack of jurisdiction over the person,

    (3) Incorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75.

    (4) Insufficiency of process,

    (5) Insufficiency of service of process,

    (6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17,

    (7) Failure to join a party needed for just adjudication under Rule 19,

    (8) The same action pending in another state court of this state