## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 16 2017, 6:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jill A. Gonzalez
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Ryan H. Cassman
Brandi A. Gibson
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: Adoption of R.J.B. and S.B.B.,

C.B.,

*Appellant-Respondent,*

v.

Z.C.,

*Appellee-Petitioner.*

November 16, 2017

Court of Appeals Case No. 29A02-1705-AD-1123

Appeal from the Hamilton Superior Court

The Honorable Steven R. Nation, Judge

Trial Court Cause No. 29D01-1602-AD-191

**Bradford, Judge.**

# Case Summary

[1]     Appellee-Petitioner Z.C. ("Stepfather") is married to M.C. ("Mother"). In early 2016, he petitioned to adopt her children R.J.B. and S.B.B. in Hamilton County, Indiana. Appellant-Respondent C.B. ("Father"), the biological father of the children, contested the adoption. Approximately two months later, Father also filed an objection to venue in Hamilton County. The trial court denied Father's objection.

[2]     Father argues that the trial court erred in denying his objection to venue in Hamilton County. Because Father did not raise the claim before contesting the adoption and it was not raised as an affirmative defense, the issue is waived. Consequently, we affirm the judgment of the trial court.

# Facts and Procedural History

[3]     On February 10, 2016, Stepfather and Mother filed a petition for adoption and notice of adoption in Hamilton County. Father received notice of the adoption petition on February 17, 2016. On March 4, 2016, Father contested adoption in Hamilton County. On May 2, 2016, Father filed his objection to venue in Hamilton County. In his motion, Father alleged that Hancock County was the proper venue for the adoption.

[4]     On June 8, 2016, the trial court issued its order denying Father's objection to venue in Hamilton County. In the months that followed, the trial court also denied two motions to reconsider.

On February 2, 2017, the trial court held a hearing on the contested adoption. On March 8, 2017, the trial court issued its finding of fact, conclusions of law, and judgment. Among other things, the trial court granted the adoption petition.

## Discussion and Decision

The only issue Father raises on appeal is whether the trial court erred when it denied Father's objection to venue in Hamilton County. This court reviews the "grant or denial of a Trial Rule 12(B)(3) motion based upon improper venue under Trial Rule 75 for an abuse of discretion." *Shanklin v. Shireman*, 659 N.E.2d 640, 642 (Ind. Ct. App. 1995). An abuse of discretion may occur when the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 180 (Ind. 1993).

"The question of improper venue must be raised by motion or by affirmative defense. If made by motion, it must be made prior to the filing of a pleading. If not, it must be raised as an affirmative defense. If not so raised, the issue is waived." *Sanson v. Sanson*, 466 N.E.2d 770, 773 (Ind. Ct. App. 1984). Father filed no motion to dismiss on those grounds prior to filing his motion to contest adoption, and his motion contained no affirmative defense alleging improper venue. Consequently, Father has waived the claim.

We affirm the trial court's judgment.

May, J., and Barnes, J., concur.