FILED

Sep 06 2019, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Douglas K. Walker
Highland, Indiana

ATTORNEYS FOR APPELLEES

Steven J. Scott
Benjamin T. Ballou
Hodges and Davis, P.C.
Merrillville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

James Witham,

*Appellant-Petitioner,*

v.

Michael G. Steffan, as Personal Representative of the Estate of Gerald W. Rogers, et. al.,

*Appellees-Respondents*

September 6, 2019

Court of Appeals Case No.
18A-TR-2914

Appeal from the Lake Circuit Court

The Honorable Marissa McDermott, Judge
The Honorable Jewell Harris, Jr., Probate Commissioner

Trial Court Cause No.
45C01-1807-TR-21

**Baker, Judge.**

[1] James Witham brings this interlocutory appeal of the trial court's order granting the collective Appellees' motion to dismiss for failure to state a claim upon which relief can be granted. Witham argues that the trial court erred because his petition to contest a will was not wrongfully filed and that even if it was wrongfully filed, his case should have been transferred rather than dismissed with prejudice. We find that the trial court should have treated the matter as a motion to dismiss for incorrect venue and transferred it to the appropriate court. Accordingly, we reverse and remand with instructions.[1]

# Facts

[2] On December 2, 2017, Gerald Rogers, Witham's cousin, committed suicide. Rogers left behind a will, with Michael Steffan as personal representative of Rogers's estate. On February 2, 2018, Steffan submitted all of Rogers's testamentary documents, including the will, for probate to the Lake County Superior Court (the Superior Court) in Hammond, which assumed jurisdiction over the matter.

[3] Then, on May 1, 2018, Witham filed a petition to docket trust and contest will in the Lake County Circuit Court (the Circuit Court) in Crown Point. On June 13, 2018, Steffan filed a motion to dismiss Witham's petition for failure to state a claim upon which relief can be granted. Steffan contended that Witham had

---

[1] Because we reach our ruling on entirely different grounds, we decline to address the arguments raised by Witham.

erroneously filed his petition in the Circuit Court when the Superior Court already had subject matter jurisdiction over the probate matter. Steffan argued that because Witham had failed to file his petition in the proper court, Witham could not attain any relief pursuant to Indiana Code section 29-1-7-17, thereby warranting dismissal.

On July 24, 2018, the Circuit Court transferred this action to the Superior Court Probate Commissioner to resolve the matter. Following a hearing, the trial court dismissed Witham's petition with prejudice because he had failed to file in the Superior Court. Witham now brings this interlocutory appeal.

# Discussion and Decision

Witham's sole argument on appeal is that the trial court erred when it granted Steffan's motion to dismiss for failure to state a claim upon which relief can be granted. Witham contends that his petition to contest will was not wrongfully filed and that even if he had filed his petition in the incorrect court, transfer of his case was the proper remedy.

"The standard of review on appeal of a trial court's grant of a motion to dismiss for the failure to state a claim is de novo and requires no deference to the trial court's decision." *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 36 (Ind. Ct. App. 2010). A Trial Rule 12(B)(6) motion to dismiss tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. *Id.* at 37.

[7] From the outset, there is a procedural issue. This case should not have been treated as a 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Witham's petition states a valid claim pursuant to Indiana Code section 29-1-7-17, and it is readily apparent that Steffan is not, in fact, contesting the substance of Witham's claim.

[8] Instead, Steffan contends that Witham filed his petition in the incorrect court—the Circuit Court versus the Superior Court. Steffan even references the venue provisions of Indiana Code section 29-1-7-17, which state, in pertinent part, that:

> [a]ny interested person may contest the validity of any will *in the court having jurisdiction over the probate of the will* within three (3) months after the date of the order admitting the will to probate by filing *in the same court*, in a separate cause of action, the person's allegations in writing verified by affidavit[] . . . .

(Emphases added). Therefore, the main dispute is over the location of the lawsuit, not its merits.

[9] We applaud the Circuit Court judge for transferring Witham's petition to contest the will to the Superior Court's Probate Commissioner because both courts have concurrent jurisdiction over all civil matters. *See* Ind. Code §§ 33-28-1-2, 33-29-1.5-2. Additionally, the Superior Court already had jurisdiction over the probate cause. Nevertheless, the Probate Commissioner should have recognized Steffan's error when he based his motion to dismiss on Rule 12(B)(6). The Probate Commissioner should have treated the matter as a

12(B)(3) motion to dismiss for incorrect venue, which states that "[t]he disposition of this motion shall be consistent with Trial Rule 75[.]"

[10] Trial Rule 75(B)(1) states that:

> [w]henever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made,[2] the court in which such action is filed shall not then dismiss the action, but shall order the action transferred to the court in which it should have been filed.

Pursuant to Indiana Code section 29-1-7-17, Witham should have filed his petition to contest the will in the Superior Court, but a transfer to that court is a simple solution that requires little, if any, procedural movement. This is especially true considering the case had already been transferred to the Superior Court to resolve the 12(B)(6) motion. *Arkla Indus., Inc. v. Columbia St. Partners, Inc.*, 95 N.E.3d 194, 197 (Ind. Ct. App. 2018) (finding that the court is required to transfer case to a preferred venue if a complaint is not filed in a preferred venue); *see also State ex rel. Ind. State Bd. of Tax Comm'rs v. Ind. Chamber of Commerce, Inc.*, 712 N.E.2d 992, 997 (Ind. Ct. App. 1999).

[11] Yes, Witham erred when he failed to file his petition to contest the will in the proper court. However, it is not as if Witham missed his petition deadline, filed in the incorrect county, or even filed in a completely different state. Rather,

---

[2] Neither Witham, nor Steffan, nor the trial court cited Trial Rule 12(B)(3) or raised the defense of improper venue, which would ordinarily waive the issue. *Sanson v. Sanson*, 466 N.E.2d 770, 773 (Ind. Ct. App. 1984). Nevertheless, we find it draconian to dismiss Witham's suit with prejudice under these circumstances.

Witham made a simple mistake by filing in the Circuit Court instead of in the Superior Court. We find this to be a mistake in venue that mandates immediate transfer rather than dismissal with prejudice.

[12] The judgment of the trial court is reversed and remanded with instructions to transfer this cause to the Superior Court for further proceedings.

Vaidik, C.J., and Altice, J., concur.