## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

Sep 03 2020, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark J. Schocke
Highland, Indiana

ATTORNEYS FOR APPELLEES

Anthony L. Holton
Katherine M. Haire
Trenton W. Gill
Reminger Co., LPA
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Julie Hammond,

*Appellant-Plaintiff,*

v.

Richard Gillespie, Z Force IN
Transportation Inc., and Danny
Hammond Sr.,

*Appellees-Defendants*

September 3, 2020

Court of Appeals Case No.
19A-CT-3027

Appeal from the Marion Superior
Court

The Honorable John F. Hanley

Trial Court Cause No.
49D11-1805-CT-17229

**May, Judge.**

[1]     Julie Hammond[1] appeals following the trial court's order granting Richard Gillespie and Z Force IN Transportation Inc.'s motion to dismiss for improper venue and ordering the case transferred to Newton County.[2] We reverse and remand.

## Facts and Procedural History

[2]     On May 2, 2018, the Estate of Daniel Hammond[3] filed suit against Gillespie and Z Force IN Transportation Inc. (collectively, "Z Force") in Marion Superior Court. The complaint alleged that Gillespie, in the course of his employment for Z Force, negligently drove a tractor-trailer on US Highway 41 in Newton County and collided with a tractor being driven by 17- year-old Daniel Hammond. Daniel Hammond died shortly thereafter. The complaint also alleged that Gillespie resided in Morocco, Indiana, which is located in Newton County, and that Z Force IN Transportation Inc.'s principal place of

---

[1] Initially, we note several defects in Hammond's brief. For instance, the statement of the case contains argument rather than a simple recitation of the nature of the case and the course of proceedings as required by Indiana Rule of Appellate Procedure 46(A)(5). (*See*, *e.g*., Appellant's Br. at 6 ("Accordingly, [Z Force and Gillespie] waived their objection to improper venue under the present circumstances.").) The statement of the facts is not presented in narrative form as required by Appellate Rule 46(A)(6)(c). Further, the argument section of the brief fails to contain "a concise statement of the applicable standard of review." Ind. App. R. 46(A)(8)(b). In addition, while technically not a violation of Appellate Rule 43, the font in the brief's footnotes differs from the font in the body of the brief. These deficiencies have impaired our review, and we encourage Hammond's counsel to familiarize himself with Indiana's Rules of Appellate Procedure before submitting further briefs to this court.

[2] Danny Hammond Sr. did not join the motion to dismiss for improper venue and does not participate in this appeal.

[3] Julie Hammond was Daniel Hammond's mother. She was appointed administratrix of his estate on April 30, 2018.

business in Indiana was Marion County. Z Force filed an answer on May 24, 2018, in which Z Force denied the material allegations in the complaint, including the allegation that its principal place of business in Indiana was in Marion County. Z Force is an Illinois corporation that is headquartered in Chicago Heights, Illinois, and it has a registered agent[4] in Marion County, Indiana. Z Force asserted several affirmative defenses in its answer, but Z Force did not assert improper venue.

[3] On March 18, 2019, the Estate of Daniel Hammond moved for leave to amend its complaint to substitute the real party in interest, Julie Hammond, for the Estate and to add the non-custodial parent, Danny Hammond Sr., as a defendant pursuant to the Wrongful Death or Injury of a Child Act.[5] Z Force did not object to the motion to substitute, but it did "submit notice to the court" that it reserved the right to challenge Marion County as the preferred venue. (Appellant's App. at 24.) The trial court granted the motion for leave to amend the complaint, and Z Force answered the amended complaint and raised

---

[4] A business entity registered with the Indiana Secretary of State must designate and maintain a registered agent in the state. Ind. Code § 23-0.5-4-1. "'Registered agent' means an agent of an entity which is authorized to receive service of any process, notice, or demand required or permitted by law to be served on the entity. The term includes a commercial registered agent and a noncommercial registered agent." Ind. Code § 23-0.5-1.5-36.

[5] Indiana Code section 34-23-2-1 states:

> An action may be maintained under this section against the person whose wrongful act or omission caused the injury or death of a child. The action may be maintained by: (1) the father and mother jointly, or either of them by naming the other parent as a codefendant to answer as to his or her interest[.]

improper venue as an affirmative defense. The next day, Z-Force filed a motion to dismiss the case for improper venue. The trial court held a hearing on the motion on October 28, 2019. On November 15, 2019, the court granted the motion and ordered the case transferred to Newton County pursuant to Trial Rule 75(B). Hammond filed a motion to correct error on December 4, 2019, and the trial court denied the motion without hearing on December 11, 2019.[6]

# Discussion and Decision

[4] Hammond contends Z Force waived its right to challenge venue because it did not assert improper venue in its initial responsive pleading or file a motion to dismiss until fourteen months after the lawsuit was filed. The grant or denial of a Trial Rule 12(B)(3) motion is an interlocutory order, which we review for an abuse of discretion. *Hollingsworth v. Key Ben. Adm'rs, Inc.*, 658 N.E.2d 653, 655 (Ind. Ct. App. 1995), *reh'g denied, trans. denied*. An abuse of discretion occurs if the trial court's decision is clearly against the facts and circumstances before the trial court or if the trial court misinterpreted the law. *Id*.

[5] Indiana Trial Rule 12(B) states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim,

---

[6] Hammond pursues this interlocutory appeal as a matter of right because she is challenging an order transferring the case pursuant to Trial Rule 75. *See* Ind. App. R. 14 (in part defining interlocutory orders that may be appealed as a matter of right).

shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

* * * * *

(3) Incorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75[.]

Trial Rule 12(G) provides that a party waives any defense or objection available under Trial Rule 12(B) if the party makes a motion under Trial Rule 12 and omits the defense or objection. Trial Rule 12(H)(1) provides:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, or the same action pending in another state court of this state is waived to the extent constitutionally permissible . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

Thus, the defense of improper venue "must be raised in a responsive pleading as an affirmative defense or must be raised by motion filed prior to the filing of a pleading." *Shanklin v. Shireman*, 659 N.E.2d 640, 644 (Ind. Ct. App. 1995). If not, the defense is waived. *Id*. While Hammond filed an amended complaint, we look to when the original complaint and answer were filed to determine whether a motion for change of venue is timely. *Matter of Niemiec's Estate*, 435 N.E.2d 999, 1001 n.2 (Ind. Ct. App. 1982).

[6]     Z Force explains it did not raise improper venue in its initial answer because it believed the law was unsettled regarding whether the presence of a corporation's registered agent in a county made the county a preferred venue when it filed its answer. "A plaintiff may file an action in any court in any county in Indiana." *Shanklin*, 659 N.E.2d at 642. If the county where the suit is filed is not a preferred venue, the defendant may move to transfer the case to a preferred venue county. *Id*. Trial Rule 75 recognizes that that preferred venue may lie where "the principal office of a defendant organization is located[.]" Z Force maintains our Indiana Supreme Court's decision in *Morrison v. Vasquez*, 124 N.E.3d 1217 (Ind. 2019), changed the law regarding preferred venue, and Z Force filed its motion to dismiss shortly after the *Morrison* decision.

[7]     In 2006, our Indiana Supreme Court held that Marion County was the proper venue for a lawsuit filed by the American Family Insurance Company against the Ford Motor Company because Ford's registered agent was located in Marion County. *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 975 (Ind. 2006). However, effective January 1, 2018, the General Assembly enacted Indiana Code section 23-0.5-1.5-29, which states, "'Principal office' means the principal executive office of an entity, whether or not the office is located in Indiana," and Indiana Code section 23-0.5-4-12, which states, "The designation or maintenance in Indiana of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in Indiana. The address of the agent does not determine venue in an action or a proceeding

involving the entity." In *Morrison*, our Indiana Supreme Court granted transfer in two cases to resolve "whether for the purposes of determining preferred venue pursuant to Trial Rule 75(A)(4), an organization with a location in the State of Indiana is considered to have a 'principal office' at the address of its registered agent." 124 N.E.3d at 1219. The court explained that the *American Family* case was no longer controlling law because the decision was premised on statutory provisions that have since been repealed and replaced. *Id.* at 1221. The court held "that in light of new business corporation statutes, the location of the registered agent no longer determines preferred venue for either domestic or foreign corporations." *Id.* at 1219. The *Morrison* decision did not announce a new rule of law. It simply clarified what the recently enacted new business corporation statutes already stated, the presence of a corporation's registered agent in a county does not make the county the corporation's principal place of business, conferring preferred venue status.

[8]     Z Force could have asserted the defense of improper venue when it filed its initial answer based on statutes in place at the time, but Z Force chose not to do so. While *Morrison* does include a discussion explaining Indiana Code section 23-0.5-1.5-29 is a procedural statute which can be applied retroactively, the consequence of this discussion is that the statute applies to suits filed before the statute became effective. *Id.* at 1222. The Court did not hold a party may resurrect a waived venue argument premised on its decision, which is what Z Force is attempting to do. Therefore, Z Force waived its improper venue defense, and the *Morrison* decision does not allow Z Force to make an untimely

challenge to venue. We reverse the trial court's order granting Z Force's motion to dismiss and ordering the case transferred to Newton County. *See Irmscher Suppliers, Inc. v. Capital Crossing Bank*, 887 N.E.2d 97, 101 (Ind. Ct. App. 2008) (holding party waived claim under Trial Rule 12(B)(8) by not timely moving to dismiss the complaint or asserting the defense in its answer).

# Conclusion

[9] While Marion County is not a preferred venue in the case at bar, Z Force failed to timely assert its improper venue defense. Therefore, Z Force cannot do so now, and the trial court abused its discretion in granting Z Force's motion. Accordingly, we reverse and remand.

[10] Reversed and remanded.

Robb, J., and Vaidik, J., concur.