# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

Salsbery Pork Producers, Inc. and
Richard K. Wilson:

**SCOTT P. SULLIVAN**
**SHEILA M. SULLIVAN**
Flynn & Sullivan
Indianapolis, Indiana

Tipton County Commissioners and Tipton
County Highway Department:

**JAMES S. STEPHENSON**
**IAN L. STEWART**
Stephenson Morow & Semler
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

**SAMUEL L. JACOBS**
Jacobs Law, LLC
Indianapolis, Indiana



FILED

Apr 10 2012, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SALSBERY PORK PRODUCERS, INC., RICHARD K. WILSON, TIPTON COUNTY COMMISSIONERS, TIPTON COUNTY HIGHWAY DEPARTMENT, CHAD BERGIN, STATE OF INDIANA, INDIANA DEPARTMENT OF TRANSPORTATION, | ) ) ) ) ) ) ) |
| Appellants-Defendants, | ) ) |
| vs. | ) No. 49A02-1110-CT-983 ) |
| LATINA BOOTH, | ) ) |
| Appellee-Plaintiff. | ) |

**April 10, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Latina Booth ("Booth"), a resident of Tipton County, was injured in a motor vehicle accident on County Road 1100 in Tipton County. Booth filed suit against Salsbery Pork Producers, Inc. ("Salsbery"), Richard K. Wilson ("Wilson"), the Tipton County Commissioners and the Tipton County Highway Department (collectively, "the County"), Chad Bergin ("Bergin"), and the State of Indiana and the Indiana Department of Transportation ("the State"). Salsbery, Wilson, and the County (collectively, "the Tipton County defendants") moved for transfer of venue from Marion County to Tipton County. The trial court denied the motion, and this interlocutory appeal followed.

We reverse and remand.

## Facts and Procedural History

We take our statement of facts from Booth's complaint.

Booth was a resident of Tipton County. Bergin was a resident of Howard County. On September 20, 2010, Bergin was driving on County Road 1100 in Tipton County with Booth

2

as his passenger. Wilson, a resident of Tipton County, was driving a tractor within the scope of his employment with Salsbery, which was headquartered in Tipton County, and pulled onto County Road 1100. Wilson's tractor struck Bergin's car. Booth was seriously injured.

On August 3, 2011, Booth filed suit in Marion County and alleged a negligence claim against Bergin, Wilson, and Salsbery. Booth also alleged that the State and County were negligent in the design, maintenance, and signage of County Road 1100.

On August 17, 2011, the County moved to dismiss Booth's case. On September 6, 2011, new counsel for the County moved to withdraw the motion. The trial court denied the motion on September 7, 2011. On the next day, in typewritten text, the court granted the County's motion to withdraw the prior motion, but in a handwritten comment indicated that it had denied the motion but would "entertain a renewed motion" on other grounds. (App. 30.)

On August 26, 2011, Bergin answered the complaint and asserted cross-claims against the other defendants, but did not challenge the Marion County venue.

On September 23, 2011, the State answered the complaint, asserted numerous affirmative defenses, and denied Booth's allegations as to the design, maintenance, and signage of County Road 1100. The State did not move to dismiss the case or challenge the Marion County venue.

On September 28, 2011, the County again moved to dismiss the case for improper venue, claiming that the State was "joined solely for the purpose of establishing venue in Marion County" and requesting transfer of the case to Tipton County. (App. 38-41.) Among the documents submitted in support of the motion was an affidavit averring that County Road

3

1100 was controlled solely by Tipton County on the date of the collision. On October 5, 2011, Salsbery and Wilson joined the County's motion. The trial court denied the County's motion on October 14, 2011, and denied Salsbery's and Wilson's motion on October 19, 2011.

This interlocutory appeal followed pursuant to Appellate Rule 14, which provides for interlocutory appeal of right where a trial court's decision grants or denies transfer of a case under Trial Rule 75. Ind. Appellate Rule 14(A)(9).

### Discussion and Decision

#### Waiver

Booth contends that the Tipton County defendants waived their venue challenge. Our review of the record does not reveal that Booth claimed or argued this point to the trial court. Failure to raise an issue before the trial court waives that issue on appeal, Orta v. State, 940 N.E.2d 370, 376 (Ind. Ct. App. 2011), trans. denied.[1]

Waiver notwithstanding, Booth argues that the failure of one defendant to object to preferred venue constitutes waiver of the issue by all defendants. In support of this proposition, Booth cites State ex rel. Kenamond v. Warmuth, 179 W. Va. 230, 366 S.E.2d 738 (1988). We believe the greater weight of authority in federal and state courts tilts to the contrary; and, Booth directs us to no Indiana case law that supports her contention. See, e.g., Ware v. United Rentals (N. Am.), Inc., 2010 WL 1374583, *2 (E.D. Tex. 2010) (concluding that a defendant that objected to venue had not waived that challenge where a codefendant

---

[1] Booth's contention that the Tipton County defendants failed to establish that Salsbery's place of business is in Tipton County was not raised before the trial court, and thus is waived.

4

failed to file a motion or answer objecting to venue); Schultz v. MMI Products, Inc., 30 A.3d 1224, 1229 (Pa. Super. Ct. 2011) (holding that the failure of three defendants to object to venue did not waive a fourth defendant's objection and therefore affirming the trial court's decision to transfer venue).

We decline Booth's invitation to conclude that the Tipton County defendants' venue challenge was waived. We therefore turn to the merits of the appeal.

## Standard of Review

The Tipton County defendants contend that venue in Marion County is improper because the State was improperly joined in the action.

We review factual findings on an appeal from a ruling on a motion for transfer of venue for clear error, with conclusions of law reviewed de novo; where a paper record is used to draw factual conclusions, those conclusions are also reviewed de novo. Am. Family Ins. Co. v. Ford Motor Co., 857 N.E.2d 971, 973 (Ind. 2006). We review decisions on misjoinder under our standard of review for an abuse of discretion. Mercantile Nat. Bank of Hammond v. Underwood, 906 N.E.2d 881, 886 (Ind. Ct. App. 2009), trans. denied. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has erred on a matter of law. Am. Family, 857 N.E.2d at 973.

## Misjoinder

We turn first to the question of misjoinder under Trial Rule 21. The Rule provides that misjoinder of a party "is not ground for dismissal of an action." T.R. 21(A). "Subject to

5

its sound discretion," whether sua sponte or upon a party's timely motion, the trial court "may order parties dropped or added at any stage of the action and on such terms as are just and will avoid delay." Id.; Mitchell v. Stevenson, 677 N.E.2d 551, 557 (Ind. Ct. App. 1997), trans. denied. Where venue is dependent upon a particular claim or a claim against a particular party, and that claim "appears from the pleadings, or proves to be a sham or made in bad faith," the trial court "may transfer the proceedings to the proper court." T.R. 21(B).

The Tipton County defendants contend that Booth misjoined the State as a sham for the purpose of obtaining a Marion County venue. The Tipton County defendants rely upon our decision in Mishler v. State, 730 N.E.2d 229 (Ind. Ct. App. 2000), for the proposition that the State has no duty of care because it does not control County Road 1100 and that, as a result, the State was misjoined. In Mishler, the State moved for summary judgment and designated the relinquishment agreement between it and the City of Elkhart as evidence that it had no duty of care for the design, maintenance, and conditions of a roadway. Id. at 230.

Here, the County produced an affidavit indicating that it, and not the State, had control over County Road 1100, and argued that the State was misjoined and should therefore be dropped from the case. In response, Booth characterized the Tipton County defendants' motion as one pursuing summary judgment on behalf of another party, and argued that subsequent proceedings might lead to the discovery of evidence that would establish liability of the State for the conditions, design, or maintenance of the roadway. But Booth did not introduce any evidence contrary to the Tipton County defendants' affidavit averring that the County, and not the State, had control over County Road 1100. Booth did not argue that the

6

averments were false. Nor did Booth request a continuance to obtain discovery on the question of the State's possession or control of County Road 1100. Booth instead rested on the pleadings and argument alone.

Given the affidavit—which amounted to the only facts and circumstances before the trial court aside from the pleadings—and procedural posture of the case, we conclude that the trial court abused its discretion when it did not order the State dropped from the case. Absent more, however, we cannot agree with the characterization by the Tipton County defendants that joining the State was a sham or in bad faith and solely for the purpose of obtaining a Marion County venue. The Tipton County defendants have not established that Booth joined the State with knowledge that the State did not control County Road 1100, because the evidence that established the County's control came only after the Tipton County defendants moved for transfer of venue. Thus, the trial court did not abuse its discretion when it failed to conclude that Booth's joinder of the State was a sham or motivated by bad faith.

## Venue

Turning now to the question of venue, Trial Rule 75 provides that "[a]ny case may be venued, commenced and decided in any court in any county" unless a party files a pleading or motion to dismiss under Trial Rule 12(B)(3) because the case is not in a preferred venue. T.R. 75(A). The rule goes on to provide numerous preferred venues, including "the county where the greater percentage of individual defendants … resides," T.R. 75(A)(1), the county in which a motor vehicle accident occurred, T.R. 75(A)(3), the county where a defendant organization has its principal office, T.R. 75(A)(4), the county where a government unit has

7

its principal office or where a claim against such an agency arose, T.R. 75(A)(5), any county in which all parties stipulate as a preferred venue, T.R. 75(A)(6), or the county in which the plaintiff resides if no other preferred venue exists. T.R. 75(A)(10).

"It is the general spirit and policy of the rules governing venue to give the defendant the right to have the action tried in the county of his or her residence." State ex rel. Ind. State Bd. of Tax Comm'rs v. Ind. Chamber of Commerce, Inc., 712 N.E.2d 992, 996 (Ind. Ct. App. 1999). However, there is no "priority among the subsections establishing preferred venue." Coffman v. Olson & Co., P.C., 872 N.E.2d 145, 147 (Ind. Ct. App. 2007). Thus, there may be multiple preferred venues in a given case, and a motion to transfer venue under Trial Rule 12(b)(3) cannot be granted when an action has been filed in a preferred venue. Meridian Mut. Ins. Co. v. Harter, 671 N.E.2d 861, 862-63 (Ind. 1996).

As pleaded, there are two preferred venues in this case. The greatest percentage of the defendants reside in or have their headquarters in Tipton County, as does the plaintiff. Cf. T.R. 75(A)(1) & 75(A)(4).[2] The collision occurred in Tipton County. Cf. T.R. 75(A)(3). The State is headquartered in Marion County. Cf. T.R. 75(A)(5). Although the greatest number of defendants is in Tipton County, Booth filed suit in Marion County.

Yet under these circumstances, where the County has submitted evidence and argument taking upon itself the duty of care at issue, and where—before the pleadings were closed—the State should have been dropped from the case as a party, we cannot conclude that a Marion County venue is appropriate. Moreover, a Marion County venue for the case is

---

[2] Bergin resides in Clinton County, but is the only defendant who does so.

8

discordant with the general purpose of the venue rules, which is to allow trial in the county where the events giving rise to a dispute or where the greatest amount of evidence with respect to the dispute will likely be found. See, e.g., R & D Transport, Inc. v. A.H., 859 N.E.2d 332, 335 (Ind. 2006) (observing that Indiana has "long had special venue rules for motor vehicle accidents" when concluding that a case was properly venued in the county of an accident rather than where chattels damaged in the accident were customarily kept); Harter, 671 N.E.2d at 863 (concluding that a rule that provides for venue in the county of an accident prevents "a lawsuit over an accident in a remote county based solely on the location of an insurer's home office").

Thus, because the State should have been dropped as a party, Marion County is not a preferred venue. The collision that injured Booth occurred in Tipton County; Booth, the majority of the defendants, and the County all reside in or are headquartered in Tipton County. We therefore reverse the trial court and remand with instructions to transfer this action to Tipton County.

**Conclusion**

The trial court abused its discretion when it did not drop the State from the case in light of uncontested evidence that the County, and not the State, had possession and control over County Road 1100. Because the State was not properly joined, and because the Tipton County defendants moved for transfer of venue under Trial Rule 12(B)(3), Marion County is not a preferred venue for the case, and we remand this case to the trial court for transfer to Tipton County.

Reversed and remanded.

BAKER, J., and DARDEN, J., concur.