

**FILED**

Apr 27 2018, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT,
PITTSBORO CHRISTIAN CHURCH,
D/B/A SCRIBBLES MINISTRY OF
PITTSBORO CHRISTIAN CHURCH

Robert B. Thornburg
Julia Blackwell Gelinas
Maggie L. Smith
Frost Brown Todd LLC
Indianapolis, Indiana

Katherine J. Noel
Noel Law
Kokomo, Indiana

ATTORNEYS FOR APPELLANT,
SCRIBBLES LLC

Scott P. Sullivan
Flynn & Sullivan PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLANT,
CHRISTEEN MICHAEL

Jan N. Campbell
Jeffrey R. Oberlies
Leeuw Oberlies & Campbell
Indianapolis, Indiana

ATTORNEYS FOR APPELLANT,
DEBBIE SPURLOCK

Kyle Michael Baker
Salma Naji Qaddourah
McNeely, Stephenson
Shelbyville, Indiana

ATTORNEY FOR APPELLEES

Nicholas C. Deets
Hovde Dassow & Deets LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scribbles, LLC, Pittsboro
Christian Church, d/b/a
Scribbles Ministry of Pittsboro
Christian Church, Christeen
Michael, and Debbie Spurlock,

*Appellants/Defendants,*

v.

Camden "Jax" Wedgewood, by
next of friend Brian Scott
Wedgewood, Hannah Jade Hill,
and Camden Riley Wedgewood,

*Appellees/Plaintiffs.*

April 27, 2018

Court of Appeals Case No.
49A04-1706-CT-1434

Appeal from the Marion Superior
Courts

The Honorable James A. Joven,
Judge

Trial Court Cause No.
49D13-1702-CT-7313

**Pyle, Judge.**

# Statement of the Case

[1] In this interlocutory appeal, Scribbles, LLC ("Scribbles"); Pittsboro Christian Church d/b/a Scribbles Ministry of Pittsboro Christian Church ("the Church"); Christeen Michael ("Michael"); and Debbie Spurlock ("Spurlock") (collectively "the Defendants") appeal the trial court's denial of their motion to transfer venue to Hendricks County in a negligence action filed against them in Marion County by infant Camden "Jax" Wedgewood ("Infant Wedgewood"), by his next friend, his grandfather, Brian Scott Wedgewood ("Grandfather"); Hannah Jade Hill ("Mother"); and Camden Riley Wedgewood ("Father") (collectively ("the Plaintiffs")). Because Hendricks County is a preferred venue and Marion County is not, the trial court erred in denying the Defendants' motion to

transfer venue to Hendricks County. We therefore reverse and remand with instructions for the trial court to grant the Defendants' motion and transfer this case to Hendricks County.

[2] We reverse and remand with instructions.

## Issue

The sole issue for our review is whether the trial court erred in denying the Defendants' motion to transfer venue.

## Facts

[3] Scribbles and the Church operate a child care ministry located in Hendricks County. Michael is an infant caregiver at Scribbles, and Spurlock is the director. Both women are Hendricks County residents. Infant Wedgewood, Grandfather, Mother, and Father are also Hendricks County residents.

[4] In January 2016, Infant Wedgewood began attending Scribbles. Shortly thereafter, he suffered a catastrophic brain injury. The following year, the Plaintiffs filed a two-count complaint in the Marion Superior Court. The first count was a negligence action against Scribbles, the Church, Michael, and Spurlock. The second count was a claim for a declaratory judgment against the Indiana Family and Social Services Administration (FSSA). Specifically, the Plaintiffs explained that Infant Wedgewood was a beneficiary of the Indiana Medicaid Plan ("the Plan") and asked the trial court to determine whether the

Plan had a lien on the Plaintiffs' recovery and, if so, the amount of the lien.[1] The Defendants all raised the affirmative defense of improper venue under Indiana Trial Rule 75 in their respective answers. They all also alleged that it was the Plaintiffs who were at fault for Infant Wedgewood's injuries. FSSA did not respond to the complaint.

In May 2017, the Defendants filed a joint motion to transfer venue wherein they asked the trial court to transfer venue from Marion County to Hendricks County because Marion County was not a preferred venue. The Plaintiffs responded that Marion County was a preferred venue pursuant to Trial Rule 75(A)(5) because FSSA was a governmental organization located in Marion County. The trial court concluded that "Marion County [was] a preferred venue and the Court lack[ed] the authority to transfer the case to Hendricks County" and denied the Defendants' motion. (App. 11). The Defendants appeal.

## Decision

The Defendants argue that the trial court erred in denying their motion to transfer venue to Hendricks County. Specifically, they contend that the trial

---

[1] We note that FSSA has a statutory right to assert a lien against any recovery that the Plaintiffs might obtain. *See* IND. CODE § 12-15-8-1 *et seq.* (setting forth the specific procedures that FSSA must follow to perfect its lien). FSSA may also waive its right to a lien. I.C. § 12-15-8-9. Here, at the time the Plaintiffs filed their complaint, FSSA had not performed any of the statutory prerequisites to perfecting a lien.

court should have granted their motion because Marion County is not a preferred venue, and Hendricks County is. We agree with both contentions.

[7] We review factual findings on an appeal from a ruling on a motion for transfer of venue for clear error and review conclusions of law de novo. *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind. 2006). Where factual determinations are made from a paper record, however, those determinations are also reviewed de novo. *Id.*

[8] Trial Rule 75(A), which governs preferred venue in Indiana, provides, in relevant part, as follows:

> Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in:
>
> (1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or
>
> (2) the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to

such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper; or

(3) the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle or a vehicle on railroad, street or interurban tracks; or

(4) the county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint; or

(5) the county where either one or more individual plaintiffs reside, the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, if one or more governmental organizations are included as defendants in the complaint; or

(6) the county or court fixed by written stipulations signed by all the parties named in the complaint or their attorneys and filed with the court before ruling on the motion to dismiss; or

(7) the county where the individual is held in custody or is restrained, if the complaint seeks relief with respect to such individual's custody or restraint upon his freedom; or

(8) the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding; or

(9) the county where all or some of the property is located or can be found if the case seeks only judgment in rem against the property of a defendant being served by publication; or

(10) the county where either one or more individual plaintiffs reside, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, if the case is not subject to the requirements of subsections (1) through (9) of this subdivision or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state.

The Indiana Supreme Court has explained the role of this rule in determining preferred venue as follows:

> Trial Rule 75 governs venue requirements in Indiana. It contains ten subsections, each setting forth criteria establishing 'preferred' venue. A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon a proper request from a party. The rule does not create a priority among the subsections establishing preferred venue. *Id.* If the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties.

*Id.* at 973-74. The preferred venue status of a given county can only be determined as of the time a complaint is filed. *Painters Dist. Counsel 91 v. Calvert Enterprises Electronic Services, Inc.,* 906 N.E.2d 254, 257 (Ind. Ct. App. 2009).

The Indiana Supreme Court further explained preferred venue as follows in *Randolph County v. Chamness*, 879 N.E.2d 555, 557 (Ind. 2008):

> Preferred venue is located in counties where information is readily available, where relevant land and personal property can be found, where witnesses can be easily brought to court, and where the litigants reside or hold office. Reliable preferred venue rules increase judicial efficiency because a judge can focus on the merits of a dispute rather than its relocation to a more convenient forum. Litigants likewise benefit from relative certainty about the preferred forum and from the savings in time and expense that such rules provide.

[11] Here, although the alleged injury to Infant Wedgewood occurred in Hendricks County, and all of the Plaintiffs and Defendants were either located in or lived in Hendricks County, the Plaintiffs filed their complaint in Marion County. The Defendants filed a motion to transfer venue to Hendricks County, which the trial court denied. On appeal, the Defendants argue that "Indiana law does not allow preferred venue to be asserted simply by including a separate count seeking a declaratory judgment action against a governmental organization with an attenuated interest in the underlying litigation." (Defendants' Br. at 9). The Defendants further contend that the "possible assertion of a lien by FSSA in the present case lacks any connection to the underlying negligence action and, therefore, cannot establish preferred venue." (Defendants' Br. at 9). We agree.

[12] First, it has already been held that the Uniform Declaratory Judgment Act does not create a basis for preferred venue requirements. *Jasper Cty. Bd. of Cty. Comr's v. Monfort*, 663 N.E.2d 1166, 1167 (Ind. Ct. App. 1996). Second, the Defendants are correct that a "county's 'incidental' connection to the claims asserted will not establish preferred venue . . . ." (Defendants' Br. at 12).

[13] For example, in *R & D Trans., Inc. v. A.H.*, 859 N.E.2d 332 (Ind. 2006), Joseph Hazel ("the truck driver") was driving a tractor-trailer owned by R & D Transport when he was involved in an accident that injured A.H. The accident occurred in Dearborn County. The truck driver's residence and R & D's principal place of business were in Hendricks County. A.H.'s mother filed a negligence action in Porter County where A.H. resided. Her complaint alleged the "destruction and loss of A.H.'s 'orthotic devices, clothing, and other chattels regularly located in Porter County.'" *Id.* at 333. The truck driver and R & D filed a motion to transfer venue, which the trial court denied. This Court affirmed the denial on direct appeal. *R & D Trans. v. A.H.,* No. 64A05-0502-CV-95, (Ind. Ct. App. Sept. 28, 2005).

[14] The Indiana Supreme Court granted transfer. In support of her argument that preferred venue was found in Porter County, A.H.'s mother relied on Trial Rule 75(A)(2), which provides, in relevant part, that preferred venue lies in the county where the chattels or some part of them are regularly kept, if the complaint includes a claim for injuries relating to such chattels. According to A.H.'s mother, because "A.H. suffered in the accident, the destruction and loss of 'orthotic devices, clothing, and other chattels' and those chattels were 'regularly located' in Porter County, Porter County [was] a county of preferred venue under the literal reading of [T.R. 75(A)(2)]." *R & D,* 859 N.E.2d at 334.

[15] The defendants responded that:

> [T]he clear purpose and spirit of Rule 75(A) taken as a whole [was] that incidental damage to chattels in a motor vehicle

accident [was] not enough to create preferred venue under [T.R. 75(A)(2)]; rather, Dearborn County [was] a county of preferred venue under subsection [T.R. 75(A)(3)] because that [was] 'the county where the accident or collision occurred' and Hendricks County [was] a county of preferred venue under [T.R. 75(A)(4)] because that is the county where 'the principal office' of R & D Transport [was] located.

*Id.*

[16] The Indiana Supreme Court agreed with the defendants and concluded that, although technically permitted under Trial Rule 75(A)(2), basing preferred venue on the existence of A.H.'s chattels in that instance was inappropriate because those chattels, such as the orthotics, "played no role in the accident itself or in the claims of the lawsuit that [Mother] filed. Rather, her claim involved a motor vehicle accident; the location that played the important role was that of the actual collision." *Id.* The Indiana Supreme Court explained that to decide otherwise would defeat the purpose of Trial Rule 75(A) and "allow T.R. 75(A)(2) to serve as the means to bypass the clear intent of the rule's overall text."[2] *Id.* at 336.

[17] We reached a similar result in *Salsberry Pork Producers, Inc. v. Booth*, 967 N.E.2d 1 (Ind. Ct. App. 2012). Booth was a passenger involved in a motor vehicle accident in Tipton County. The driver of the other vehicle was a resident of

---

[2] The Indiana Supreme Court concluded that this Court's prior decisions that broadly interpreted Trial Rule 75(A)(2) were "contrary to the intent of T.R. 75(A) and [were] disproved." *R & D,* 859 N.E.2d at 336-37 (citing *Swift v. Pernat,* 828 N.E.2d 444 (Ind. Ct. App. 2005) and *Halsey v. Smeltzer,* 722 N.E.2d 871 (Ind. Ct. App. 2000)).

Tipton County acting within the scope of his employment with a Tipton County employer. Booth filed a negligence action against both drivers, the employer, the Tipton County Commissioners, and the Indiana Department of Transportation ("IDOT). Booth filed the action in Marion County based upon the count against IDOT, which is headquartered there. The other defendants filed a motion to transfer the case to Tipton County, which the trial court denied.

[18] On appeal, this Court pointed out that a "Marion County venue for the case [was] discordant with the general purpose of the venue rules, which [was] to allow trial in the county where the events giving rise to a dispute or where the greatest amount of evidence with respect to the dispute [would] likely be found." *Id.* at 6. We noted that the "collision that injured Booth occurred in Tipton County; Booth, the majority of the defendants, and the County all reside[d] in or [were] headquarter[ed] in Tipton County," and concluded that Marion County was not a preferred venue. *Id.* We therefore reversed the trial court and remanded the case with instructions to transfer it to Tipton County. *Id.*

[19] Here, as in *R & D* and *Salsbery*, FSSA has an incidental connection to the subject matter of the litigation, which is insufficient to support preferred venue. Specifically, as in *R & D*, FSSA played no role in the underlying litigation, which involved an alleged catastrophic brain injury to an infant. Further, the alleged injury occurred in Hendricks County. In addition, all of the Plaintiffs and Defendants resided in or were headquartered in Hendricks County. Under

these circumstances, we agree with the Defendants that Marion County is not a preferred venue. *See Salsberry*, 967 N.E.2d at 6. To decide otherwise would defeat the purpose of T.R. 75(A) and allow T.R. 75(A)(5) to serve as the means to bypass the clear intent of the rule's overall text. *See R & D*, 859 N.E.2d at 336.

[20] Having determined that Marion County is not a county of preferred venue, we must determine whether Hendricks County is. Our review of Trial Rule 75(A), as well as the facts of this case, reveal that Hendricks County is a preferred venue pursuant to T.R. 75(A)(1) because all of the Defendants reside in or are located in Hendricks County. Hendricks County is also a preferred venue pursuant to T.R. 75(A)(4) because both Scribbles and the Church are located in Hendricks County.

[21] Because Hendricks County is a preferred venue and Marion County is not, the trial court erred in denying the Defendants' motion to transfer venue to Hendricks County. We therefore reverse and remand with instructions for the trial court to grant the Defendants' motion and transfer this case to Hendricks County.

[22] Reversed and remanded with instructions.

Kirsch, J., and Bailey, J., concur.