David, Justice.
 

 Both of the cases before us today present the same issue. That is, whether for the purposes of determining preferred venue pursuant to Trial Rule 75(A)(4), an organization with a location in the State of Indiana is considered to have a "principal office" at the address of its registered agent. Finding that a domestic organization's actual principal office and not the location of its registered agent is the appropriate preferred venue, we affirm the trial court in
 
 Morrison
 
 and reverse the trial court in
 
 Noel
 
 . Further, we hold that in light of new business corporation statutes, the location of the registered agent no longer determines preferred venue for either domestic or foreign corporations.
 

 Facts and Procedural History
 

 In December 2017, Cynthia Morrison filed a complaint against various defendants for medical malpractice in Marion County. Some of those defendants filed a petition to transfer venue to Monroe County pursuant to Indiana Trial Rule 75(A) arguing that Marion County does not meet the preferred venue requirements. For her part, Morrison argued that Marion County is a county of preferred venue because the registered agent of Bloomington Hospital, one of the defendants, is in Marion County. The trial court grant defendants' motion to transfer venue from Marion County, where IU Health has its registered agent, to Monroe County where defendant has its actual principal place of business. The Court of Appeals affirmed.
 

 In February 2018, Charlene Noel also filed a medical malpractice action against several defendants in Marion County because the defendants' registered agents are located there. Defendants then filed a motion to transfer venue to Lawrence County where the alleged malpractice occurred. Here the trial court denied defendants' motion to transfer venue to Lawrence County, where defendant has its actual principal place of business, and instead, left the matter pending in Marion county, where IU Health has its registered agent. The Court of Appeals affirmed.
 

 These two Court of Appeals opinions are in conflict with one another and we write a consolidated opinion regarding both to clear up the confusion.
 

 Standard of Review
 

 Interpretation of our trial rules is a question of law that we review
 
 de novo.
 

 State v. Holtsclaw,
 

 977 N.E.2d 348
 
 , 349 (Ind. 2012).
 

 Discussion
 

 Indiana Trial Rule 75(A) provides a list of preferred venues for initiating a suit. One those is the "county where [ ] the principal office of a defendant organization is located." T.R. 75(A)(4). In 2006, this Court issued an opinion in
 
 American Family Ins. Co. v. Ford Motor Co
 
 .,
 
 857 N.E.2d 971
 
 , 972 (Ind. 2006) determining, as a matter of first impression, that for domestic or foreign corporations doing business in Indiana, the principal office was its corporation's registered office in Indiana. However, while the introduction to the opinion discusses application of this rule to domestic corporations, the rest of the opinion addresses only its application to foreign entities. For instance, the opinion states: "we grant transfer to attempt to clarify
 the venue rules applicable to suits against foreign corporations..."
 
 Id
 
 . at 973. And further, the discussion of the matter ends with: "We conclude that defendant Ford has a principal office in the state for venue purposes. The same is true of all foreign corporations qualified to do business in Indiana in compliance with the Business Corporation Act."
 

 Id.
 

 at 975
 
 . There's no mention or analysis with regard to domestic corporations aside from a brief mention of them in the beginning of the opinion. Nevertheless, our Court of Appeals later addressed this issue in
 
 CTB, Inc. v. Tunis
 
 ,
 
 95 N.E.3d 185
 
 , 189 (Ind. Ct. App. 2018) with regard to domestic corporations and relying on
 
 American Family
 
 , applied the same rule, finding the registered agent address provided the county of preferred venue.
 

 American Family
 
 and
 
 CTB
 
 were premised on business corporation law. Specifically, Indiana Code section 23-1-24-1 (2014), required each corporation to continuously maintain in Indiana a "registered office" and "registered agent" whose business office was identical to the registered office. However, effective January 1, 2018, that section was repealed and new legislation promulgated.
 
 See
 

 2017 Ind. Acts 813
 
 , 898. Under the new legislation, "principal office" is defined as the "principal executive office of an entity, whether or not the office is located in Indiana."
 
 Ind. Code § 23-0.5-1
 
 .5-29. Also, instead of requiring a registered office and registered agent with the same address, now entities doing business in Indiana are required to "designate and maintain a registered agent in this state."
 
 Ind. Code § 23-0.5-4
 
 -1. Most notably, Indiana Code section 23-0.5-4-12 provides:
 

 The designation or maintenance in Indiana of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in Indiana. The address of the agent does not determine venue in an action or a proceeding involving the entity.
 

 The
 
 CTB
 
 panel acknowledged these revisions but declined to consider their impact, as neither party before the court argued that the revisions were applicable.
 
 CTB
 
 ,
 
 95 N.E.3d at 187
 
 .
 

 In
 
 Morrison
 
 , the Court of Appeals found that the revisions discussed above came into play. That is, the court applied Indiana Code section 23-0.5-4-12 which provides that "[t]he address of the agent does not determine venue..." However, in
 
 Noel
 
 , the court found this statute conflicted with
 
 American Family's
 
 interpretation of Trial Rule 75 and therefore, it determined the statute was a nullity and ineffective.
 

 Plaintiffs in both cases here argue that the rule set forth in
 
 American Family
 

 /
 

 CTB
 
 means that in their suits, Marion County is the preferred venue because that is where at least some of the defendants' registered agents are located. However, we decline to apply
 
 American Family
 
 to the facts and circumstances of these cases. As discussed above,
 
 American Family
 
 focused on foreign corporations. Because these corporations do not have a principal place of business in this State, it makes sense to use the office of the registered agent as a preferred venue. However, for domestic corporations this rule makes little sense. As defendants aptly point out, following this rule means that almost all corporations in Indiana would fall under Marion County as the preferred venue because this is where commonly used registered agent CT Corporation is located.
 
 CTB
 
 applied the rule from
 
 American Family
 
 to both domestic and foreign corporations without analysis about domestic corporations. Also, CTB's registered agent was in the same county as its physical office unlike the facts and circumstances
 here. Thus, we decline to apply
 
 American Family
 
 or
 
 CTB
 
 to the present cases, where the corporations at issue are domestic and the registered agent is in a different county than the actual principal executive office of the corporation.
 

 Further, we find that the new statutes are applicable to both foreign and domestic corporations and that these statutes do not conflict with our trial rules. Trial Rule 75(A)(4) does not state anything regarding a registered agent; instead, it provides that the location of a "principal office" is a preferred venue. It is the definition of "principal office" that decides the outcome here. Pursuant to Indiana Code section 23-0.5-1.5-29, a corporation's principal office is no longer tied to the registered agent for either domestic or a foreign corporations doing business in Indiana. Also, Indiana Code section 23-0.5-4-12 provides that the registered agent location does not determine venue.
 
 American Family
 
 was premised on statutory provisions that were not simply amended to change terminology: they have been completely repealed and replaced. Accordingly, it is no longer controlling law.
 

 Morrison argues that Indiana Code section 23-0.5-4-12 is ineffective because it is more stringent than the trial rules. Trial Rule 75(D) provides, in relevant part:
 

 Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective.
 

 However, what Morrison is really arguing is that the new statute is more stringent than
 
 American Family's
 
 interpretation of the prior statutes. As discussed above,
 
 American Family
 
 did not analyze the prior statutes with an eye towards domestic corporations and as such, even if the prior statutes were not repealed and replaced,
 
 American Family
 
 does not apply to domestic corporations. Additionally, the trial rules provide that preferred venue lies (among other places), where the principal office of defendant is. The statute does not preclude Morrison from filing in Monroe County where that principal office is. Filing in Monroe County rather than Marion County is consistent with the purpose of our venue rules:
 

 Preferred venue is located in counties where information is readily available, where relevant land and personal property can be found, where witnesses can be easily brought to court, and where the litigants reside or hold office. Reliable preferred venue rules increase judicial efficiency because a judge can focus on the merits of a dispute rather than its relocation to a more convenient forum. Litigants likewise benefit from relative certainty about the preferred forum and from the savings in time and expense that such rules provide.
 

 Randolph County v. Chamness
 
 ,
 
 879 N.E.2d 555
 
 , 557 (Ind. 2008). Neither Morrison nor Noel live in Marion County, the events at the root of either litigation did not occur there and the defendant healthcare corporations are not located there.
 
 [1]
 
 The only tie to Marion county is the tie created by the presence of the registered agent there. This tie has nothing to do with the rationale for the preferred venue rules. The new statutes better define principal office and provide for a preferred venue consistent with the rationale for venue rules.
 

 Finally, Morrison also argues the new statutes are not applicable to her because she filed her complaint prior to its enactment. She further argues the statute is not retroactive. However, while Morrison may have filed her complaint prior to the enactment, preferred venue was not determined by the trial court until after enactment.
 
 [2]
 
 Additionally, even if we were to use the date of filing, procedural statutes may be applied retroactively.
 
 Ind. Bureau of Motor Vehicles v. Watson
 
 ,
 
 70 N.E.3d 380
 
 , 385 (Ind. Ct. App. 2017). Here, the statutes related to the determination of venue are procedural in nature. Procedural law is law that "prescribes the method of enforcing a right or obtaining redress for invasion of that right."
 
 Hayden v. State
 
 ,
 
 771 N.E.2d 100
 
 , 102 (Ind. Ct. App. 2002). By contrast, substantive law "creates, defines and regulates rights."
 

 Id.
 

 Here, the venue rules merely prescribe the preferred location of filing. They do not deprive Morrison of a right to seek damages from the defendants but only govern where she may seek redress. Accordingly, the statute is procedural and applies to Morrison.
 

 Conclusion
 

 We hold that a domestic organization's actual principal office and not the location of its registered agent is the appropriate preferred venue. Further, we hold that in light of new business corporation statutes that define "principal office" and provide that the registered agent's location does not determine venue, the location of the registered agent no longer determines preferred venue for either domestic or foreign corporations. We affirm the trial court in
 
 Morrison
 
 and reverse the trial court in
 
 Noel
 
 and remand both for further proceedings.
 

 Rush, C.J., Massa and Goff, JJ., concur.
 

 Slaughter, J., dissents with separate opinion.
 

 In
 
 Morrison
 
 , one of the defendant physicians resides in Marion County, but works in Monroe County. Trial Rule 75(A)(1) provides for preferred venue where the "greater percentage" of individual defendants reside. Such is not the case here.
 

 Morrison filed her complaint on December 1, 2017. Ind. Code section 23-0.5-4-12 became effective January 1, 2018.
 
 See
 

 2017 Ind. Acts 813
 
 , 898. Some of the defendants filed a motion to transfer venue on January 17, 2019, and the court granted that motion on February 19, 2018.