



FILED

Nov 25 2025, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

CSX Transportation, Inc. and Daniel B. Cox,

*Appellants-Defendants*

v.

Jasmina Poluciano, Maya Poluciano, and Adny Poluciano, by next friend and parent, Jasmina Poluciano,

*Appellees-Plaintiffs*

---

November 25, 2025

Court of Appeals Case No.
25A-CT-393

Appeal from the Marion Superior Court

The Honorable Timothy Oakes, Judge

Trial Court Cause No.
49D02-2409-CT-43178

---

**Opinion by Judge Pyle**
Chief Judge Altice and Judge DeBoer concur.

**Pyle, Judge.**

## Statement of the Case

In this interlocutory appeal, CSX Transportation, Inc. ("CSX") and Daniel B. Cox ("Cox") (collectively, "the Defendants") appeal the trial court's order denying their motion to transfer venue in a negligence action filed against them by Jasmina Poluciano and her children, Maya Poluciano and Adny Poluciano, (collectively, "the Plaintiffs"). The Defendants argue that the trial court erred by denying their motion to transfer venue to Hendricks County. Concluding that the trial court did not err, we affirm the trial court's judgment.

We affirm.[1]

## Issue

> Whether the trial court erred by denying the Defendants' motion to transfer venue.

## Facts

In September 2024, the Plaintiffs filed, in Marion County, a complaint against CSX and its employee, Cox, and alleged that the Defendants had been negligent for a car-train collision that had occurred in October 2022 in Hancock County. The complaint stated that the Plaintiffs and Cox were residents of

---

[1] The Defendants also attempt to appeal a trial court order denying their motion for reconsideration. However, as further discussed below, we will not review that order because it was a discretionary interlocutory order that was neither certified by the trial court nor accepted for jurisdiction by our Court.

Hancock County and that CSX was a "foreign for-profit corporation that conduct[ed] substantial railroading business in Indiana[.]" (App. Vol. 2 at 10). Additionally, the complaint asserted that venue was "proper" in Marion County because CSX conducted business in Marion County and had its "principal office" located on Belmont Avenue in Marion County. (App. Vol. 2 at 11).

[4] In December 2024, the Defendants filed, pursuant to Trial Rule 12(B)(3) and Trial Rule 75(A), a motion to transfer venue to Hendricks County. The Defendants asserted that preferred venue was in Hendricks County instead of Marion County. Specifically, the Defendants asserted that, under Trial Rule 75(A)(4), Hendricks County was the county of CSX's "principal office" because Hendricks County was the location of "CSX's largest hump yard" in Indiana. (App. Vol. 2 at 16, 20). In a CSX employee declaration attached to the transfer motion, the Defendants asserted that this Hendricks County hump yard location had "dozens of employees" working at that location and that the location had "several buildings and offices used by CSX employees." (App. Vol. 2 at 20). The Defendants cited to *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind. Ct. App. 1999) and argued that the Hendricks County "location align[ed] with the definition of 'principal office' as recognized in applicable case law, which refers to the most important or main office in the state." (App. Vol. 2 at 16).

[5] The Plaintiffs filed a response to the Defendants' motion and argued that the Defendants were "relying on an outdated definition [of principal office] that [wa]s no longer the law." (App. Vol. 2 at 21). The Plaintiffs cited to *Morrison v.*

*Vasquez*, 124 N.E.3d 1217 (Ind. 2019) and noted that the Indiana Supreme Court had held that the definition of a "principal office" in INDIANA CODE § 23-0.5-1.5-29—which defined the term as the "principal executive office of an entity, whether or not the office is located in Indiana"—was applicable to both domestic and foreign corporations and that that definition should be used when determining preferred venue under Trial Rule 75(A)(4). Therefore, the Plaintiffs argued that, because the Defendants had failed to establish that CSX's principal executive office was located in Hendricks County, the trial court should deny the Defendants' motion. On January 21, 2025, the trial court issued an order denying the Defendants' motion to transfer venue.

One week later, on January 28, 2025, the Defendants filed a motion to reconsider. In the Defendants' motion, they "continue[d] to maintain that Hendricks County ha[d] preferred venue." (App. Vol. 2 at 30). Additionally, the Defendants argued that the Indiana Supreme Court's *Morrison* case was limited to cases where the parties had argued that the definition of a principal office was the location of the registered agent. The Defendants asserted that "[b]ecause neither party [wa]s making that argument [in this case], the *Morrison* case [wa]s not implicated." (App. Vol. 2 at 29). The Defendants also argued that they were not required "to prove that executives work at [CSX's] principal office in the State" and that the trial court should order the case transferred to Hendricks County. (App. Vol. 2 at 29). At the end of the Defendants' motion to reconsider, they included a new and "alternative" assertion that, if the trial court did not change its denial of transferring venue to Hendricks County, the

trial court should instead transfer venue to Hancock County. (App. Vol. 2 at 31).

[7] Three days later, on January 31, 2025, the trial court set a hearing for February 21, 2025 on the Defendants' motion to reconsider. A couple of weeks later, on February 13, 2025, the Defendants filed a motion for a summary ruling, asking the trial court to summarily rule on their motion to reconsider. The following day, the Plaintiffs filed a response to the Defendants' motion for a summary ruling. On February 17, 2025, the trial court issued an order denying the Defendants' motion for a summary ruling.

[8] Thereafter, on February 18, 2025, the Defendants filed, in this Court, a notice of appeal to appeal the trial court's order denying their motion to transfer venue. The Defendants' notice of appeal indicates that they are appealing an interlocutory order as of right under Indiana Appellate Rule 14(A)(8), which is for "[t]ransferring or refusing to transfer a case under Trial Rule 75[.]" Ind. App. R. 14(A)(8).

[9] On February 21, 2025, the trial court held a hearing on the Defendants' motion to reconsider. That same day, the trial court denied the Defendants' motion to reconsider.

[10] Thereafter, on March 11, 2025, the Defendants filed, in this Court, an amended notice of appeal, wherein they asserted that they intended to appeal the trial court's order denying their motion to reconsider. The Defendants did not seek to have the trial court certify its order denying their motion to reconsider.

Instead, they asserted that they were appealing that order as an interlocutory order as of right under Indiana Appellate Rule 14(A)(8).

## Decision

[11] The Defendants argue that the trial court erred when it denied their motion to transfer venue to Hendricks County pursuant to Trial Rule 75(A)(4). We disagree.

[12] This appeal turns on whether Hendricks County is a preferred venue, which is a question of law that we review de novo. *See Morrison v. Vasquez*, 124 N.E.3d 1217, 1219 (Ind. 2019). Moreover, interpretation of our trial rules, such as Indiana Trial Rule 75, is a question of law that we review de novo. *Id.* "We review factual findings on an appeal from a ruling on a motion for transfer of venue for clear error and review conclusions of law de novo." *Scribbles, LLC v. Wedgewood by Wedgewood*, 101 N.E.3d 844, 846 (Ind. Ct. App. 2018), *trans. denied*. "Where factual determinations are made from a paper record, however, those determinations are also reviewed de novo." *Id.*

[13] Indiana Trial Rule 75, which governs venue requirements in Indiana, provides that a plaintiff may bring a case in any county in Indiana. *See* Ind Trial Rule 75(A) ("Any case may be venued, commenced[,] and decided in any court in any county[.]"). Additionally, Trial Rule 75(A) provides that a party can file a motion to transfer venue and requires a trial court to transfer venue if the party "properly filing such motion" shows both that "the county . . . where the action was filed does not meet preferred venue requirements . . . *and* that the . . .

county selected has preferred venue[.]" *Id.* (emphasis added). *See also Indiana High School Athletic Ass'n, Inc. v. Garcia,* 876 N.E.2d 350, 354 (Ind. Ct. App. 2007) (explaining that "Indiana Trial Rule 8(C) provides that a claim of improper venue is an affirmative defense, which the pleading party must prove" and that the party moving to transfer venue has "the burden of proof in challenging venue"), *trans. denied.* Trial Rule 75(A) "contains ten subsections, each setting forth criteria establishing 'preferred' venue." *CTB, Inc. v. Tunis*, 95 N.E.3d 185, 187 (Ind. Ct. App. 2018), *trans. denied.* At issue in this case is subsection (A)(4), which provides, in relevant part, that "[p]referred venue lies in . . . the county where . . . the principal office of a defendant organization is located[.]" Trial Rule 75(A)(4).

[14] The Defendants argue that the "common-sense" interpretation of "principal office" under Trial Rule 75(A)(4) is that it refers to a corporation's "most important" or "main office" in Indiana. (The Defendants' Br. 14). The Defendants contend that, under this definition, Hendricks County was a preferred venue under Trial Rule 75(A)(4) because CSX has its "largest and most important facility in Indiana" at its Hendricks County location. (The Defendants' Br. 13).

[15] However, the Indiana Supreme Court has already addressed the interpretation of "principal office" under Trial Rule 75(A)(4). In a consolidated appeal in *Morrison v. Vasquez*, our supreme court set out to "clear up the confusion" regarding the meaning of "principal office" for preferred venue requirements. *Morrison*, 124 N.E.3d at 1219. The *Morrison* Court discussed the then prevailing

interpretation of "principal office" in Trial Rule 75(A)(4), which was that the term referred to the location of a defendant corporation's registered agent, and the Court discussed cases that had applied that definition to foreign and domestic corporations. *Id.* at 1219-21 (citing *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971 (Ind. 2006), *superceded by statute*; and *CTB, Inc. v. Tunis*, 95 N.E.3d 185 (Ind. Ct. App. 2018), *trans. denied*). According to the *Morrison* Court, "*American Family* and *CTB* were premised on business corporation law[,]" specifically on a statute that had "required each corporation to continuously maintain in Indiana a 'registered office' and 'registered agent' whose business office was identical to the registered office." *Id.* at 1220.[2] The Court explained that that statute had since been repealed and replaced with new legislation, which included INDIANA CODE § 23-0.5-1.5-29 that defined "principal office" as the "'principal executive office of an entity, whether or not the office is located in Indiana.'" *Id.* (quoting I.C. § 23-0.5-1.5-29).[3]

[16] The *Morrison* Court instructed that "the new statutes [we]re applicable to both foreign and domestic corporations" and further stated that "these statutes d[id] not conflict with our trial rules." *Id.* at 1221. After noting that "the definition of 'principal office' . . . decides the outcome" of a Trial Rule 75(A)(4) case and then relying on the definition of "principal office" in INDIANA CODE § 23-0.5-

---

[2] The statute referred to by the *Morrison* Court was INDIANA CODE § 23-1-24-1.

[3] The *Morrison* Court also noted that the new legislation included INDIANA CODE § 23-0.5-4-12, which provided, in part, that "[t]he address of the [registered] agent does not determine venue in an action or a proceeding involving the entity."

1.5-29, the *Morrison* Court explained that "a corporation's principal office is no longer tied to the registered agent for either [a] domestic or a foreign corporation[] doing business in Indiana." *Id.* In other words, the Court "h[e]ld that in light of new business corporation statutes that define 'principal office' and provide[d] that the registered agent's location does not determine venue, the location of the registered agent no longer determines preferred venue for either domestic or foreign corporations." *Id.* at 1222.

[17] Accordingly, we follow the Indiana Supreme Court's directive that the definition of "principal office" in Trial Rule 75(A)(4) for preferred venue purposes is determined by the definition of "principal office" in INDIANA CODE § 23-0.5-1.5-29, which provides that a principal office means "the principal executive office of an entity, whether or not the office is located in Indiana." Applying that definition and based on the record before us, we conclude that the Defendants did not show that Hendricks County was the location of CSX's principal executive office. In the Defendants' motion to transfer venue and attached declaration, they asserted that Hendricks County was the location of "CSX's largest hump yard" in Indiana and that this Hendricks County hump yard location had "dozens of employees" working at that location and that the location had "several buildings and offices used by CSX employees." (App. Vol. 2 at 16, 20). Because the Defendants have not shown that the Hendricks County location meets the definition of a "principal office" for purposes of Trial

Rule 75(A)(4)'s preferred venue status, the trial court did not err by denying the Defendants' motion to transfer venue to Hendricks County.[4]

[18] Lastly, as noted above, we will not review the trial court's order denying the Defendants' motion to reconsider because it is not properly before our Court. After the trial court denied the Defendants' motion to transfer in January 2025, the Defendants filed, in this Court, a notice of appeal to appeal that order, which is an interlocutory order as of right under Indiana Appellate Rule 14(A)(8). Additionally, the Defendants filed a motion to reconsider, and the trial court scheduled a hearing within three days.[5] The trial court held the hearing in February 2025 and denied the Defendants' motion to reconsider. Thereafter, in March 2025, the Defendants filed, in this Court, an amended notice of appeal and asserted that they intended to appeal the trial court's order denying their motion to reconsider as an interlocutory order as of right under Indiana Appellate Rule 14(A)(8). However, the order denying the motion to

---

[4] We note that, in the 2025 legislative session, our legislature amended INDIANA CODE § 23-0.5-1.5-29. That amendment, which has an effective date of January 1, 2026, modified the definition of a "principal office" as follows:

    (a) Except as provided in subsection (b), "principal office" means the usual place of business, headquarters, or other office at which a governing person of an entity is commonly present.

    (b) For entities subject to IC 23-0.5-8-4 [which relates to an entity that conducts all business via telecommunications without a nonresidential physical office], "principal office" means an entity's contact address.

Because preferred venue status is determined with reference to the time an action was filed, *see Scribbles*, 101 N.E.3d at 848, and because this amended definition is not effective until January 1, 2026, we need not apply it or address it any further.

[5] We note that Indiana Trial Rule 53.4(A) provides that no hearing is required on a motion to reconsider and that Trial Rule 53.4(B) provides that a motion to reconsider "shall be deemed denied" when it is not ruled upon within five days. T.R. 53.4(A),(B). Thus, while the trial court was not required to set a hearing on the motion to reconsider, it did so prior to the five days of when it would have been deemed denied.

reconsider is not an interlocutory order as of right; it is a discretionary interlocutory order under Indiana Appellate Rule 14(B). *See Nat'l Collegiate Athletic Ass'n v. Finnerty*, 191 N.E.3d 211, 216 (Ind. 2022). "Rule 14(B) allows a party to appeal 'other interlocutory orders' if that party clears two discretionary judicial hurdles[:]" (1) "[t]he party must first timely move the trial court to certify an order for interlocutory appeal" under Appellate Rule 14(B)(1); and (2) "if the court certifies the order, the party must timely and successfully move the Court of Appeals to accept jurisdiction over the appeal" under Appellate Rule 14(B)(2). *Id.* at 217. Because the Defendants did not meet those two requirements, the appeal of the discretionary interlocutory order denying the Defendants' motion for reconsideration is not properly before us. *See id.*

[19] Affirmed.

Altice, C.J., and DeBoer, J., concur.

ATTORNEYS FOR APPELLANTS
Sarah N. Dimmich
Paul L. Jefferson
SLS Group, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEES
Robert D. King, Jr.
David R. Thompson
The Law Office of Robert D. King, Jr., P.C.
Carmel, Indiana