

FILED

Apr 08 2026, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Coby Maxwell,

*Appellant-Plaintiff*

v.

Cori Sparrow, M & B Maxwell Farm, Inc., and Cori Sparrow,
as Personal Representative of the Estate of Marlene Maxwell,

*Appellees-Defendants*

---

April 8, 2026

Court of Appeals Case No.
25A-CE-2947

Appeal from the Morgan Superior Court

The Honorable Dakota VanLeeuwen, Judge

Trial Court Cause No.
55D01-2508-CE-2120

---

**Opinion by Judge Vaidik**
Judges Bailey and Scheele concur.

**Vaidik, Judge.**

# Case Summary

According to Rule 4 of the Indiana Commercial Court Rules, any party may file a "Notice Identifying Commercial Court Docket Case" if they want an eligible case to be assigned to the Commercial Court Docket. Currently, there are commercial courts in eleven Indiana counties.[1] Once an Identifying Notice is filed, the other parties have 30 days to file a Notice of Refusal if they don't want the case assigned to the Commercial Court Docket. And Rule 4 is clear about the consequences if a party doesn't timely file a Notice of Refusal: "A party that fails to timely file a Refusal Notice waives . . . [a]ny right to contest, at any time during the proceedings or on appeal, the case's eligibility for assignment to the Commercial Court Docket." Here, the defendants did not timely file a Notice of Refusal and therefore waived their right to challenge the assignment of this case to the Commercial Court Docket. We reverse the Morgan Superior Court's order to the contrary and remand with instructions for this case to be transferred to the Commercial Court Docket of the closest geographical commercial court, which is in adjoining Marion County.

---

[1] Those counties are Allen, Hamilton, Madison, Floyd, Elkhart, Marion, Tippecanoe, Vanderburgh, Vigo, Lake, and St. Joseph. *See* Commercial Court Judges, https://www.in.gov/courts/iocs/committees/commercial-courts/ [https://perma.cc/TKV3-NNLX].

## Facts and Procedural History

On August 28, 2025, Coby Maxwell filed a "Complaint for Damages, Injunctive Relief, [and] Declaratory Judgment" in Morgan Superior Court against his sister, Cori Sparrow, individually and as personal representative of the estate of their aunt, Marlene Maxwell, and M & B Maxwell Farm, Inc. (collectively, "the defendants"). Appellant's App. Vol. 2 p. 12. M & B is an Indiana for-profit corporation with its principal place of business in Morgan County. Maxwell, a resident of Boone County, is a minority shareholder and Vice President of M & B. Sparrow, a resident of Morgan County, is a minority shareholder and President of M & B. The Estate of Marlene Maxwell was opened in Morgan County in December 2024.

At the same time that Maxwell filed the Complaint, he filed, pursuant to Rule 4 of the Indiana Commercial Court Rules, a "Notice Identifying Commercial Court Docket Case," which asserted that this case is "eligible for assignment to the Commercial Court Docket pursuant to Rule 2 of the Commercial Court Rules" and asked the "Clerk of Court to assign this case to the Commercial Court Docket." *Id.* at 37; *see also* Ind. Commercial Court Rule 4(B)(1), (2) (providing that "[a]ny party may request to have an eligible case assigned to the Commercial Court Docket" and that a party requesting assignment "must file with the clerk of the court a 'Notice Identifying Commercial Court Docket Case'"). According to Rule 4(D)(1)(a), where, as here, a plaintiff files an Identifying Notice "before the appearance of any other party," "[t]he Clerk of the Court must provisionally assign the case to the Commercial Court Docket."

Although Morgan County doesn't have a commercial court, the clerk gave this case a "case classification code" of "CE," which means it is "Commercial Court Eligible." *See* Ind. Administrative Rule 8(B)(3).

[4]   According to Commercial Court Rule 4(C)(1), "When one party files an Identifying Notice, each other party may":

> a) Object to the assignment of an eligible case to the Commercial Court Docket;
>
> b) Consent to the assignment of an eligible case to the Commercial Court Docket; or
>
> c) Waive objection to the assignment of an eligible case to the Commercial Court Docket.

A party objecting to the assignment of an eligible case to the Commercial Court Docket "must file and serve on all other parties a Notice of Refusal," which "must" be filed "by the later of the following dates":

> i. Thirty (30) days after service of the Identifying Notice; or
>
> ii. Thirty (30) days after appearing in the case.

Commercial Ct. R. 4(C)(2)(a). Importantly, "A party waives objection to the assignment of an eligible case to the Commercial Court Docket by failing to file and serve a timely Refusal Notice." *Id.* at (C)(3)(b). This means that the party "waives . . . [a]ny right to contest, at any time during the proceedings or on appeal, the case's eligibility for assignment to the Commercial Court Docket."

*Id.* at (C)(2)(d)(ii). A party's waiver of objection to assignment is "binding and irrevocable unless **all other parties** agree to permit the party to file a Refusal Notice." *Id.* at (C)(3)(d) (emphasis added). "When each party either consents to assignment or waives objection to assignment, **the clerk of the court must transfer and assign the case to a Commercial Court Docket**." *Id.* at (C)(3)(c)(i) (emphasis added); *see also id.* at (D)(1)(b) (providing that if "no Refusal Notice is timely filed by any party that appears in the case," the provisional assignment is "deemed permanent"); *Vickery v. Ardagh Glass Inc.*, 85 N.E.3d 852, 857 (Ind. Ct. App. 2017) ("Only where, as here, no Refusal Notice is timely filed will the case be permanently assigned to a Commercial Court docket."), *reh'g denied*, *trans. denied*.

Here, Sparrow individually appeared by counsel on September 16, M & B appeared by counsel on September 23, and Sparrow as personal representative appeared by counsel on September 25. Since the last party appeared on September 25, the last day that a Notice of Refusal could be filed under Rule 4(C)(2)(a) was October 27 (October 25 was a Saturday). None of the defendants filed a Notice of Refusal by October 27.

The next day, October 28, Maxwell filed a "Verified Motion for Change of Venue from the County" pursuant to Trial Rule 76 and Commercial Court Rule

4.[2] Appellant's App. Vol. 2 p. 51. Maxwell alleged that since none of the defendants had filed a Notice of Refusal by October 27, they waived objection to the assignment of the case to the Commercial Court Docket. Maxwell thus asked the trial court to transfer the case to the Commercial Court Docket of the nearest commercial court in adjoining Marion County.

[7] On November 7, the trial court issued an order stating that it "d[id] not see that an Identifying Notice has been filed." *Id.* at 57. Believing (incorrectly) that no Identifying Notice had been filed, the court gave the defendants until November 12 to file a Notice of Refusal, which they each did. *See id.* at 63, 66, 68. Based on these Notices of Refusal, the trial court denied Maxwell's request to have this case transferred to a Commercial Court Docket.

[8] Maxwell now brings this interlocutory appeal as a matter of right under Indiana Appellate Rule 14(A).[3]

## Discussion and Decision

[9] Maxwell contends that the trial court erred in accepting the defendants' untimely Notices of Refusal and in denying assignment of this case to a Commercial Court Docket. He argues that Commercial Court Rule 4's language is clear that if a party doesn't timely file a Notice of Refusal, the party

[2] Maxwell didn't need to rely on Trial Rule 76, because Commercial Court Rule 4 governs transfer to a Commercial Court Docket. Thus, contrary to M & B's argument on appeal, Maxwell doesn't have to satisfy Trial Rule 76's change-of-venue requirements.

[3] Only M & B has filed an appellee's brief.

waives objection to the assignment of the case to the Commercial Court Docket. This is a question of law that we review de novo. *See Morrison v. Vasquez*, 124 N.E.3d 1217, 1219 (Ind. 2019).

[10]   We agree with Maxwell. As detailed above, Rule 4 establishes a bright-line framework that governs when and how a party may invoke its right to refuse assignment to the Commercial Court Docket. That framework (1) fixes a strict deadline for objection under Rule 4(C)(2)(a); (2) provides that the failure to object within that period results in waiver of any right to contest assignment to the Commercial Court Docket at trial and on appeal under Rule 4(C)(2)(d)(ii); and (3) makes that waiver binding and irrevocable absent unanimous consent of the other parties under Rule 4(C)(3)(d). By failing to file a Notice of Refusal by October 27, the defendants waived objection to the assignment of this case to the Commercial Court Docket. Although the trial court purported to extend the deadline to November 12, it can't do so after the 30 days have passed.

[11]   M & B argues that not allowing the defendants to file a belated Notice of Refusal is against the spirit of the Commercial Court Rules, which is that participation in commercial court is voluntary and each party has the right to veto the transfer of a case to the Commercial Court Docket. *See* Appellee's Br. p. 15. But as just explained, while each party has such a right, that right is conditional and must be exercised by a deadline. And where, as here, that deadline is not met, the only way a party can file a belated Notice of Refusal is if all other parties agree. Maxwell did not agree.

[12]     M & B appears to suggest that because this case was not originally filed in a county with a commercial court, then it can't be transferred to a Commercial Court Docket in another county since the parties don't agree. The Commercial Court Rules don't appear to explicitly address this scenario. But as Maxwell says:

> Nothing in the [Commercial Court Rules] precludes a litigant from invoking the Commercial Court process in a county that does not maintain a designated Commercial Court. *See generally* CCR 1-8. To the contrary, the statewide applicability of the [Commercial Court Rules] presupposes that eligible cases may originate in any county and, when properly identified and not refused, proceed on the Commercial Court Docket before a designated Commercial Court. *See generally* CCR 5(A). Preferred venue explains why [Maxwell] properly initiated the underlying case in Morgan County; however, it does not justify the Trial Court's refusal to assign and transfer an eligible case as mandated by CCR 4.

Appellant's Reply Br. p. 18. We agree with Maxwell that the Rules don't require a plaintiff to initiate a lawsuit (which it hopes will be transferred to a commercial court) in a county with a commercial court.[4] What Maxwell did here was not improper under the rules as they are currently written. He filed his lawsuit in Morgan County, which everyone agrees has preferred venue, and then filed his Identifying Notice seeking to have the case transferred to the

---

[4] For example, Rule 4 says that **any** party can file an Identifying Notice. Thus, if a plaintiff filed a lawsuit in a county without a commercial court, a defendant filed an Identifying Notice, and the other parties either consented to assignment or waived objection to assignment, the case would have to be transferred to a county with a commercial court.

Commercial Court Docket in Marion County. Had the defendants timely filed a Notice of Refusal, the case would have remained in Morgan County. But according to Rule 4(C)(3)(c)(i), because the defendants waived objection to assignment, "the clerk of the court must transfer and assign the case to **a Commercial Court Docket**." (Emphasis added). Although the rule doesn't specify where the case should be transferred, we find that it should be transferred to the closest geographical commercial court. We therefore remand with instructions for this case to be transferred to the Commercial Court Docket in Marion County.

Reversed and remanded.

Bailey, J., and Scheele, J., concur.

ATTORNEYS FOR APPELLANT

Benjamin A. Spandau
DeAnn L. Farthing
Madison Cibulka
Mason H. Hiatt
Robinson Farthing Spandau Williams
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE M & B MAXWELL FARM, INC.

Christopher C. Hagenow
Samuel H. Young
Tuohy Bailey & Moore LLP
Indianapolis, Indiana